COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LESLIE T. HOLMES, | | No. 08-10-00003-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 172nd District Court |
| | § | |
| TEXAS MUTUAL INSURANCE | | of Jefferson County, Texas |
| COMPANY, | § | |
| | | (TC# E-171,301) |
| Appellee. | § | |

## **O P I N I O N**

In this worker's compensation case, Appellant, Leslie T. Holmes, appeals the trial court's summary judgment rendered in favor of Texas Mutual Insurance Company (TMIC). In five related issues, Holmes contends that summary judgment was improper on grounds that he failed to exercise due diligence in serving TMIC. We affirm.

**BACKGROUND**

Seeking judicial review of a decision from the Texas Workers' Compensation Commission Appeals Panel, Holmes filed suit against TMIC on October 20, 2003. Ten days later, the District Clerk issued citation for Holmes's petition, attempting to serve TMIC by certified mail. However, on November 6, 2003, the Post Office returned the mailing to the District Clerk, marking the mailing packet "IA." Holmes made no other attempts to serve TMIC with his petition.

Consequently, on June 19, 2006, the trial court ordered the case dismissed, noting that the case languished on the docket for more than eighteen months, that the case was placed on the "Try or Dismiss Docket" in May 2006, and that neither Holmes, nor his counsel announced ready for trial. One month later, Holmes filed a motion to reinstate, contending that he and his counsel were

"unaware of the docket setting," and that they believed that the "case was not scheduled to be brought before the Court until 2007." Holmes further stated that he believed that TMIC was served in October or November of 2003, but did not know why TMIC failed to answer the suit. On July 19, 2006, the trial court reinstated the case.

After reinstatement, Holmes made no other attempts to serve TMIC and took no action in his case until he filed his First Amended Petition on June 19, 2009, and served the same on TMIC on June 24, 2009, nearly three years after reinstatement and more than five-and-a-half years after the suit was originally filed. On July 17, 2009, TMIC answered, raising the affirmative defense of limitations, that is, that limitations barred Holmes's suit because he did not file it within the time prescribed by the Texas Labor Code, nor did he exercise due diligence in serving TMIC with his suit.

On August 10, 2009, TMIC moved for summary judgment on the basis of its limitations defense. Holmes responded that he did all he needed to do by simply filing the suit and asking the District Clerk to serve TMIC in October 2003. He did not explain the delay in serving TMIC, nor the inactivity between his failed attempt at service in October 2003 and the dismissal in June 2006, or the inactivity between reinstatement and eventual service of his First Amended Petition on TMIC in June 2009. After reviewing the pleadings and the motions, the trial court granted TMIC's motion for summary judgment and dismissed Holmes's suit.

**DISCUSSION**

On appeal, Holmes raises five issues stemming from the trial court's order of summary judgment in favor of TMIC. Issue One contends that Holmes did all he was required to do by simply filing the suit with the District Clerk and requesting that she serve TMIC. Issues Two, Three, and Four, although not articulated well, seem to allege that the notation of "IA" on the green card was insufficient evidence to establish that service was not had on TMIC in October or November of

2003, and therefore, the trial court should have "carried" the matter until discovery was had. And Issue Five asserts that he timely filed suit on October 20, 2003, the first working day following the fortieth day after the appeals panel filed its decision with the commission. TMIC responds that Holmes's suit was filed beyond the fortieth day and that even if it was timely filed, Holmes failed to exercise due diligence in serving his suit on TMIC.

*Standard of Review*

We review a trial court's grant of a motion for summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

*The Fortieth Day*

Initially, we begin our discussion with Issue Five wherein the parties contest when the fortieth day to file suit fell. According to TMIC, because the appeals panel's decision was filed on September 8, 2003, the fortieth day for Holmes to file suit in district court was October 18, 2003. Holmes, on the other hand, disagrees, asserting that although October 18, 2003 was the fortieth day, his suit was timely filed on October 20, 2003, the first working day following the fortieth day as October 18, 2003, was a Saturday. We agree with Holmes.

The Labor Code requires that a claimant seeking review of a workers' compensation appeals decision must file suit for judicial review "not later than the 40th day after the date on which the

decision of the appeals panel was filed with the division." *See* Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 269, § 1, sec. 410.252(a), 1993 Tex. Gen. Laws 987, 1209 (current version at TEX. LAB. CODE ANN. § 410.252(a) (West Supp. 2010) increasing time period to 45 days). However, if the fortieth day falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." TEX. R. CIV. P. 4 (stating that the computation of time periods is applicable to any statutory limitations or orders of a court). Here, October 18, 2003, was a Saturday; therefore, we find that Holmes's suit filed on the following Monday, October 20, 2003, was not time barred. Nevertheless, because Holmes's Original Petition was filed on the very last day of the limitations period, any service on TMIC, if service was completed, occurred after the limitations period expired. Accordingly, Holmes's suit will have interrupted the running of the limitations only if he exercised due diligence in serving TMIC, a decision we reach below.[1] *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) ("Mere filing of suit, however, will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation.").

*Due Diligence*

When a plaintiff files his petition within the limitations period but does not serve the defendant until after the period expires, the plaintiff must exercise diligence in serving citation to interrupt the running of limitations. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Indeed, a

---

[1] Although TMIC argued in its motion for summary judgment that Holmes's suit was barred by limitations and lack of due diligence, the trial court's order does not specify which grounds it granted summary judgment on. Accordingly, we must uphold the ruling if it is correct on either ground. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (cases stating that when a trial court's judgment granting a motion for summary judgment fails to specify the grounds upon which the court granted same, appellate court is required to affirm the summary judgment if any one of the independent summary-judgment grounds advanced in the motion for summary judgment defeats all of the plaintiff's claims). As will be discussed below, we find that summary judgment was proper due to Holmes's failure to exercise due diligence in serving TMIC.

timely filed suit does not interrupt the applicable statute of limitations unless the plaintiff "exercises due diligence in the issuance and service of citation." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (citing *Murray*, 800 S.W.2d at 830). If the plaintiff diligently effects service after the limitation period expired, the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215.

The plaintiff bears the burden to prove diligence when a defendant affirmatively pleads limitations and shows that service was not timely. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Diligence is determined by whether the plaintiff acted as an ordinarily prudent person would under the same or similar circumstance and whether the plaintiff acted diligently up until the time the defendant was served. *Proulx*, 235 S.W.3d at 216. An unexplained delay in effecting service constitutes a lack of diligence as a matter of law. *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App. – Houston [1st Dist.] 1999, pet. denied).

Here, TMIC was never served with the original petition, nor is there any evidence in the record that TMIC was ever aware that Holmes filed suit against it in district court. Rather, their first notice of the suit was five-and-a-half years later when Holmes filed his First Amended Petition. Holmes offers no explanation for the delay in serving TMIC, much less that he was doing anything in furthering his case against TMIC. Such an unexplained, lengthy delay in effecting service was certainly unreasonable and constitutes a lack of due diligence as a matter of law. *See, e.g., Gant*, 786 S.W.2d at 259 (holding that plaintiff failed to exercise due diligence as matter of law because he provided no explanation for delays in service for three periods totaling thirty-eight months); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App. – Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence).

Nevertheless, in Issue One, Holmes contends that he did all that he was required to do by filing the petition and asking that the Clerk mail it to TMIC. Although the Clerk of the Court has the duty, upon request by the plaintiff, to issue and deliver the citation as directed, *see* TEX. R. CIV. P. 99(a), and although a party "may ordinarily rely on the clerk to perform his duty within a reasonable time," *see Boyattia v. Hinojosa*, 18 S.W.3d 729, 733-34 (Tex. App. – Dallas 2000, pet. denied), the ultimate responsibility to ensure that citation was had to the defendant still falls to the plaintiff. *Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648, 653 (Tex. App. – Houston [1st Dist.] 2010, pet. denied). When the plaintiff learns, or by the exercise of diligence should have learned, that the citation was not issued or served on the defendant, it is still incumbent upon him to ensure that the job gets done. *Boyattia*, 18 S.W.3d at 734.

Here, the burden to ensure that service was had fell to Holmes despite his request to the District Clerk. Holmes has not explained any undertakings on his part in determining whether service was completed in over five years. Moreover, Holmes was even made aware that TMIC may not have been served when he acknowledged in his motion to reinstate that he did not know why TMIC did not file an answer. Yet, Holmes still made no inquiries into whether service was ever had. We believe that an ordinarily prudent person would check whether the original citation was actually served when the defendant failed to file an answer within a reasonable amount of time. *See Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App. – Corpus Christi 1994, no writ) (holding that "mere reliance on a process server and a delay of five months after the expiration of the statute of limitations do not, as a matter of law, constitute due diligence in procuring issuance and service of citation"); *Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *3-4 (Tex. App. – Houston [1st Dist.] May 6, 2010, no pet.) (mem. op., not designated for publication) (holding attorney's failure to contact process server and clerk's office to inquire into service two

months later was not due diligence as a matter of law).

Holmes also contends, in Issues Two, Three, and Four, that even if his original petition was not served on TMIC, there was a fact issued created by the notation "IA" on the returned mailing packet. He disputes TMIC's assertion that "IA" means "insufficient address," and even suggests that TMIC refused service in late October or early November 2003. Thus, Holmes concludes that the trial court should have carried the issue pending further investigation into the matter. But the meaning of "IA" is irrelevant to whether Holmes exercised due diligence in serving TMIC after the citation was returned. Moreover, there is no evidence in the record that TMIC refused service in October or November 2003 – the green card and mailing packet were returned unsigned and unopened. It is clear that TMIC was never served with anything related to the suit until over five years later when it received Holmes's First Amended Petition. Holmes offers no explanation as to his failure to do anything in his suit or to serve TMIC for five years. Therefore, we find that Holmes failed to exercise due diligence as a matter of law in serving TMIC, and consequently, the trial court did not err in granting summary judgment in favor of TMIC.

Accordingly, Issues One, Two, Three, Four, and Five are overruled.

**CONCLUSION**

Having overruled Holmes's issues, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

February 16, 2011

Before Chew, C.J., McClure, and Rivera, JJ.