

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| RIO VALLEY, LLC, | | |
| | § | No. 08-12-00230-CV |
| Appellant, | | |
| | § | Appeal from |
| v. | | |
| | § | County Court at Law No. 5 |
| CITY OF EL PASO, EL PASO | | |
| CENTRAL APPRAISAL DISTRICT, | § | of El Paso County, Texas |
| AND APPRAISAL REVIEW BOARD OF | | |
| EL PASO COUNTY, TEXAS, | § | (TC # 2008TX896) |
| | | |
| Appellees. | § | |

## **O P I N I O N**

Rio Valley, LLC appeals from a final judgment on its claims against the City of El Paso, the El Paso Central Appraisal District (EPCAD), and the Appraisal Review Board of El Paso County, Texas (ARB). We vacate the trial court's judgment and render judgment dismissing the counterclaim against the City and the third party petition against EPCAD and the ARB. We reverse and remand for trial on the City's delinquent tax suit.

### **FACTUAL SUMMARY**

Rio Valley purchased real property in El Paso County in 2006. On September 23, 2008, the City of El Paso filed suit against Rio Valley for collection of delinquent ad valorem taxes for 2007 on that property. Rio Valley initially filed a general denial, but it filed an amended answer asserting it had not received delinquency notices as required by Section 33.04 of the Texas Tax

Code. It also filed a motion for summary judgment against the City on its claims for taxes, penalties, and interest for tax years 2006 and 2007.[1] In late March 2009, the City filed an amended petition seeking to recover delinquent taxes for both 2007 and 2008. In its response to Rio Valley's motion for summary judgment, the City expressly argued that the trial court lacked jurisdiction of the counterclaim because Rio Valley had not exhausted the exclusive remedies provided by the Texas Tax Code. In that response, the City presented evidence that Rio Valley had not filed any protests as of April 6, 2009.[2] The trial court denied Rio Valley's motion for summary judgment on June 12, 2009 but it did not dismiss the counterclaim. On October 2, 2009, the ARB conducted a hearing on a protest filed by Rio Valley regarding the appraisal records for tax years 2006 and 2007. A copy of this protest is not included in the record. Consequently, the exact basis of the protest is unknown. The protest covers the 2006 tax year even though the taxes had been paid and the City had not attempted to collect any penalties and interest related to that tax year. The ARB issued final orders on October 16, 2009 denying Rio Valley's protest "concerning the appraisal records" for tax years 2006 and 2007, but Rio Valley did not appeal the ARB's decision on the protest. It instead filed a counterclaim against the City on December 21, 2009 asserting that its right to due process had been violated because it had not received any required notices, and consequently, it had not been provided with an opportunity to challenge the appraisals. Rio Valley sought to recover from the City the amounts paid for taxes, penalties, and interest. Rio Valley attached to the counterclaim copies of the final orders entered by the ARB on October 16, 2009. The City filed a plea to the jurisdiction with respect to the

---

[1] The El Paso County Water Improvement District No. 1 filed a petition in intervention on October 16, 2008 to recover delinquent taxes owed it. Rio Valley's motion for summary judgment pertained to the claims of both the City and the Water Improvement District, but the Water District filed a notice of non-suit after Rio Valley paid the taxes owed to it.

[2] Andy Winton signed the discovery responses on April 3, 2009 and Rio Valley faxed the discovery responses to the City on April 6, 2009.

counterclaim and Rio Valley filed a response, but the record does not reflect whether the trial court conducted a hearing on the plea.[3] Rio Valley amended its counterclaim in April 2010 to assert it had not received any notices, tax bills, delinquency notices, or notices of appraised value for tax years 2006, 2007, and 2008. By its amended counterclaim, Rio Valley sought a declaratory judgment that the taxes, penalties, and interest were void because they had been assessed without proper notice or due process. It also requested that the trial court order the City to refund the taxes paid. In this amended counterclaim, Rio Valley alleged that the first notice of delinquency it received was when the City filed suit to recover the delinquent taxes.

On June 2, 2010, the trial court granted Rio Valley's motion for leave to file a third-party petition against EPCAD and the ARB. The petition asserted that EPCAD mailed all notices related to the property to an incorrect address. Rio Valley also alleged that it had, on April 5, 2010, requested a hearing from the ARB concerning the lack of notice for tax years 2006 through 2008. Attached to the petition are copies of the ARB's final orders, dated May 12, 2010, ruling that no change would be made to the appraisal records for tax years 2006, 2007, and 2008.

Rio Valley filed a motion for summary judgment with respect to its third party petition. It also filed a motion seeking to recover attorney's fees pursuant to the Declaratory Judgment Act and Section 42.29 of the Tax Code. EPCAD and ARB included a plea to the jurisdiction in their response to the motion for summary judgment. The ARB relied on Section 42.21(b) of the Texas Tax Code to argue that the suit against it should be dismissed. EPCAD and ARB also asserted that Rio Valley had failed to invoke the jurisdiction of the trial court because it had failed to exhaust the administrative remedies provided by the Texas Tax Code.

---

[3] The City's plea to the jurisdiction is not included in the clerk's record.

The trial court entered a final judgment which sustained ARB's plea to the jurisdiction, impliedly denied EPCAD's plea to the jurisdiction, and granted Rio Valley's motion for summary judgment in part. More specifically, the trial court:

1. dismissed Rio Valley's claim against the ARB for lack of jurisdiction;

2. found that the City's delinquent tax suit and Rio Valley's counterclaim against the City were "moot" as a result of the court's determination that Rio Valley prevailed in its claim against EPCAD;

3. found that Rio Valley did not receive tax notices as required for tax years 2007, 2008, and 2009;

4. found that Rio Valley has paid all taxes, penalties, and interest for the subject tax years;

5. found that the penalties and interest are void and the amounts paid should be refunded to Rio Valley;

6. found that Rio Valley is not entitled to a refund of the taxes paid on the property for the subject tax years; and

7. denied Rio Valley's request for attorney's fees as to the City or EPCAD.

Rio Valley timely filed notice of appeal.

## APPELLATE JURISDICTION

We begin by addressing the Appellees' argument that this Court lacks jurisdiction of the appeal because the trial court's judgment is interlocutory and no appeal can be taken from an order which denies a motion for summary judgment. Appellate courts generally have jurisdiction over final judgments, and such interlocutory orders as the Legislature deems appealable by statute. *Lucchese, Inc. v. Solano*, 388 S.W.3d 343, 347-48 (Tex.App.--El Paso 2012, no pet.); *see* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West Supp. 2013). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001).

In March 2009, Rio Valley moved for summary judgment against the City on the ground that the taxes, penalties, and interest sought to be recovered by the City were void because Rio Valley had not been provided with notice of appraised value, a tax bill, or a delinquency notice for tax years 2006 and 2007. The trial court denied this motion on June 12, 2009. Rio Valley later filed a motion for summary judgment against EPCAD and ARB "on all of Rio Valley's claims" even though it had never asserted any claims for affirmative relief against either of them. The third party petition against EPCAD and the ARB is concerned exclusively with obtaining judicial review of Rio Valley's protest made pursuant to Section 41.44(c-3) of the Texas Tax Code. Nevertheless, Rio Valley moved for summary judgment as follows:

> Rio Valley seeks a Summary Judgment finding that it did not receive any notices or bills for years 2006, 2007 or 2008 and consequently, was denied due process of law and that the evaluations [sic] by Third Party Defendants are invalid as are the resulting taxes, penalties and interest. In addition, Rio Valley should be awarded its attorney's fees pursuant to §42.29 of the Tax Code.

Rio Valley did not file a new motion for summary judgment on its counterclaim against the City nor did it move for summary judgment on the City's delinquent tax suit.

The court's final judgment went beyond ruling on Rio Valley's motion for summary judgment against EPCAD and ARB because it disposed of all of the claims and parties before the court as follows: (1) the judgment dismissed the ARB from the suit; (2) the judgment disposed of Rio Valley's claim against EPCAD raised in the third party petition; (3) the judgment denied Rio Valley's request for attorney's fees; (4) the judgment, by ruling that the penalties and interest were void, effectively granted the relief sought by Rio Valley's counterclaim against the City even though Rio Valley had not moved for summary judgment on the counterclaim and even though the judgment recited that the counterclaim was "moot"; (5) the judgment, by determining

that the City's delinquent tax suit was moot, disposed of the City's claim even though Rio Valley did not move for summary judgment against the City on that claim.

A summary judgment may only be granted upon grounds expressly asserted in the summary judgment motion. TEX.R.CIV.P. 166a(c). Granting summary judgment on a claim not addressed in the summary judgment motion is, as a general rule, reversible error. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). The trial court's judgment, while erroneous, effectively disposed of all the claims and parties before it. Accordingly, we conclude that the judgment is final for purposes of appeal.

## SUBJECT MATTER JURISDICTION

Rio Valley raises three issues on appeal: (1) the trial court erred by failing to order that the City refund the taxes paid for tax years 2006, 2007, and 2008; (2) the judgment is erroneous because it refers to tax years 2007, 2008, and 2009 when the tax years at issue are 2006, 2007, and 2008; and (3) the trial court erred by refusing to award attorney's fees. The City, EPCAD, and ARB respond that the trial court lacked jurisdiction of Rio Valley's claims because its exclusive remedy was to appeal the ARB's decisions on the protest as permitted by the Tax Code. ARB additionally argues that the trial court properly dismissed it from the suit and Rio Valley has not raised any issue on appeal challenging this determination. The City, EPCAD, and ARB filed pleas to the jurisdiction raising these jurisdictional arguments and the trial court impliedly denied those pleas by granting summary judgment in Rio Valley's favor. Further, subject matter jurisdiction cannot be waived and may be raised for the first time on appeal. *Waco Independent School District v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000). Accordingly, we must address the jurisdictional issues raised by the Appellees. Whether the trial court has subject matter jurisdiction is a question of law that we review *de novo*. *Texas Department of Parks &*

*Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## Dismissal of the ARB

We will first consider the trial court's dismissal of the ARB. Rio Valley filed a third party petition against EPCAD and the ARB seeking judicial review of the second protest. Section 42.21(b) of the Texas Tax Code expressly provides that: "A petition for review may not be brought against the appraisal review board." TEX.TAX CODE ANN. § 42.21(b)(West Supp. 2013). The ARB filed a plea to the jurisdiction based on Section 42.21(b) and the trial court dismissed Rio Valley's claim against the ARB for lack of jurisdiction. Rio Valley has not raised any issues on appeal challenging the dismissal of the ARB.

## The Tax Code's Exclusive Administrative Remedies

We turn now to the City's and EPCAD's arguments related to the exclusivity of the remedies provided by the Tax Code and Rio Valley's failure to exhaust those remedies. The Texas Tax Code provides detailed administrative procedures for a property owner to contest its property taxes. *See* TEX.TAX CODE ANN. §§ 41.01-.71 (West 2008 and West Supp. 2013); *Cameron Appraisal District v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). Administrative decisions are final if not appealed to the district court within 60 days. TEX.TAX CODE ANN. § 42.21(a)("Failure to timely file a petition bars any appeal."); *Rourk*, 194 S.W.3d at 502. The administrative procedures prescribed by the Tax Code are "exclusive." TEX.TAX CODE ANN. § 42.09(a); *Rourk*, 194 S.W.3d at 502; *Houston Independent School District v. 1615 Corporation*, 217 S.W.3d 631, 638 (Tex.App.--Houston [14th Dist.] 2006, pet. denied). This administrative review process is intended to "resolve the majority of tax protests at this level, thereby relieving the burden on the court system." *Harris County Appraisal District v. ETC Marketing, Ltd.*, 399 S.W.3d 364, 367 (Tex.App.--Houston [14th Dist.] 2013, pet. filed), *quoting*

*Webb County Appraisal District v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990). A taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to *ad valorem* taxes. *Rourk*, 194 S.W.3d at 502; *Matagorda County Appraisal District v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005).

When a statute requires the exhaustion of administrative remedies before a plaintiff may file suit, the plaintiff bears the burden to show it has met the prerequisite to suit. *Pruitt v. International Association of Fire Fighters*, 366 S.W.3d 740, 743 (Tex.App.--Texarkana 2012, no pet.); *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 200 (Tex.App.--Houston [14th Dist.] 2011, no pet.); *Permian Basin Community Centers for Mental Health & Mental Retardation v. Johns*, 951 S.W.2d 497, 502 (Tex.App.--El Paso 1997, no writ). The Tax Code clearly requires a property owner to exhaust its administrative remedies before filing a petition for review in the district court. Thus, the City, EPCAD, and the ARB were not required to show a lack of jurisdiction; rather, it was Rio Valley's burden to show that the trial court had jurisdiction of the counterclaim and third party petition. Whether a trial court has subject matter jurisdiction, including the issue of exhaustion of administrative remedies, is a matter of law. *Stinson v. Insurance Company of the State of Pennsylvania*, 286 S.W.3d 77, 83 (Tex.App.--Houston [14th Dist.] 2009, pet. denied); *see Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Consequently, we will review a challenge to the trial court's subject matter jurisdiction *de novo*. *See Miranda,* 133 S.W.3d at 226; *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221-22 (Tex. 2002); *Harris County Appraisal District v. ETC Marketing, Ltd.*, 399 S.W.3d 364, 367-72 (Tex.App.--Houston

[14th Dist.] 2013, pet. filed)(reviewing *de novo* whether property owner exhausted its administrative remedies under the Tax Code).

A property owner is entitled to protest before the appraisal review board several actions, including the determination of the appraised value of the owner's property, as well as any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner. TEX.TAX CODE ANN. § 41.41(a)(1), (9). A property owner is also entitled to protest the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled. TEX.TAX CODE ANN. § 41.411(a)(West Supp. 2012). If the property owner establishes that notice was not provided or delivered, the appraisal review board must determine a protest made by the property owner on any other grounds of protest authorized by Title 1 of the Tax Code relating to the property to which the notice applies. TEX.TAX CODE ANN. § 41.411(b). Further, the delinquency date for purposes of Section 42.08(b) is postponed to the 125th day after the date that one or more taxing units first delivered written notice of the taxes due on the property as determined by the appraisal review board at a hearing under Section 41.44(c-3). TEX.TAX CODE ANN. § 41.411(c).

A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner. TEX.TAX CODE ANN. § 42.01(a)(1)(A). Review is by trial *de novo*. TEX.TAX CODE ANN. § 42.23(a)(West Supp. 2012). A property owner is not required to file a notice of appeal. TEX.TAX CODE ANN. § 42.06(a). To obtain judicial review of its protest, Rio Valley was required to file a petition in the district court within sixty days after it received notice that a final order had been entered. *See* TEX.TAX CODE ANN. § 42.21(a). Failure to timely file a petition bars any appeal. *Id.* The procedures prescribed by the Tax Code for adjudication of the grounds of protest are exclusive. TEX.TAX CODE ANN. § 42.09(a). Further,

Section 42.09 expressly provides that a property owner may not raise any of the grounds of protest in defense to a suit to enforce collection of delinquent taxes or as a basis for a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid. TEX.TAX CODE ANN. § 42.09(a).

Rio Valley contends that it did not have any administrative remedies for the 2006 and 2007 tax years because it did not receive notices or tax bills prior to the taxes becoming delinquent, and therefore, it could not file a protest. Rio Valley asserts it falls within the "gap" addressed in *Industrial Communications, Inc. v. Ward County Appraisal District*, 296 S.W.3d 707, 714 (Tex.App.--El Paso 2009, pet. denied) because Section 41.44(c-3) does not apply to its claims concerning the 2006 and 2007 tax years. We disagree. When the Legislature added Section 41.44(c-3), it provided that the statute applied to an ad valorem tax protest filed on or after January 1, 2008. Acts 2007, 80th Leg., R.S., ch. 1106 § 4(c), 2007 TEX.GEN.LAWS 3739 ("The change in law made by this section applies only to an ad valorem tax protest filed on or after the effective date of this Act. An ad valorem tax protest filed before the effective date of this Act is governed by the law in effect at the time the protest was filed, and the former law is continued in effect for that purpose."); *see Industrial Communications*, 296 S.W.3d at 714 n.6 (noting amendments to Sections 41.44 and 41.411 and the effective dates). A protest under Section 41.44(c-3) is due to be filed within 125 days after the property owner claims it first received written notice of the taxes. TEX.TAX CODE ANN. 41.44(C-3). Because Rio Valley did not obtain notice of the delinquent taxes until October 20, 2008 when it was served with citation in the delinquent tax suit, any protests by Rio Valley would necessarily have been filed after the effective date of Section 41.44(c-3), January 1, 2008. Therefore, Section 41.44(c-3) is applicable to the 2006 and 2007 tax years and Rio Valley was required to exhaust its administrative

remedies under the Tax Code.

*The Counterclaim against the City*

Rio Valley filed two separate protests. It filed the first protest sometime after April 6, 2009 and prior to October 2, 2009.[4] There is evidence attached to the City's response to Rio Valley's motion for summary judgment showing that, as of April 6, 2009, Rio Valley had not filed any protests. According to the allegations in Rio Valley's counterclaim against the City, the first protest concerned Rio Valley's assertion that EPCAD failed to send "notices of appraisal" for tax years 2006 and 2007 to Rio Valley's correct address. The ARB conducted a hearing on this protest on October 2, 2009 and issued final orders on October 16, 2009. The ARB determined that "[t]he taxpayer's notice of protest was filed in time" and the appraisal records were correct and would not be changed.

An appeal from the orders which decided the first protest was due to be filed within sixty days after Rio Valley received notice of the final orders entered on October 16, 2009. A petition seeking review of these orders was required to be brought against EPCAD. *See* TEX.TAX. CODE ANN. § 42.21(b). Rio Valley did not file a petition in the district court against EPCAD. *See* TEX.TAX CODE ANN. § 42.21(b)(requiring petition to be filed against the appraisal distinct). It instead filed, on December 21, 2009, a counterclaim against the City in the delinquent tax suit seeking a declaratory judgment that it had been denied due process of law. It also requested that the trial court determine that the taxes, penalties, and interest were void and order the City to refund all taxes paid.

An appeal taken pursuant to Chapter 42 of the Tax Code is Rio Valley's exclusive remedy and it is prohibited from raising any of the grounds of protest in defense to a suit to enforce collection of delinquent taxes or as a basis for a claim for relief in a suit by the property

---

[4] The record does not contain a copy of the first protest filed by Rio Valley.

owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid. *See* TEX.TAX CODE ANN. § 42.09(a). Rio Valley's counterclaim against the City is prohibited by Section 42.09(a) because it used the grounds of protest not only as a defense to the City's delinquent tax suit but also as a basis for a claim for relief. *See 1615 Corporation*, 217 at 638 (holding that the trial court lacked jurisdiction of a suit by property owners seeking an equitable bill of review, declaratory judgment, and recoupment of alleged overpayments of property taxes because such a suit is not part of the exclusive procedures prescribed by the Tax Code). For this reason alone, the trial court should have granted the City's plea to the jurisdiction and dismissed the counterclaim.

Even if Rio Valley's counterclaim could be construed as an appeal under Section 42.21, the trial court lacked jurisdiction because it was not filed timely. In the counterclaim, Rio Valley alleged that it received notice of the final orders on October 20, 2009. If that statement is accepted as true, Rio Valley filed its counterclaim on the 62nd day after receiving notice of the final orders. Failure to timely file a petition bars an appeal. *See* TEX.TAX CODE ANN. § 42.21(a). Accordingly, we conclude that the trial court lacked jurisdiction of Rio Valley's counterclaim and the court should have dismissed it. *See El Paso Central Appraisal District v. Evangelical Lutheran Good Samaritan Society, Inc.*, 762 S.W.2d 207, 209 (Tex.App.--El Paso 1988, no writ).

*The Third Party Petition against EPCAD and the ARB*

On April 5, 2010, Rio Valley filed a notice of protest pursuant to Section 41.44(c-3) related to tax years 2006, 2007, and 2008. This protest is separate and distinct from the first. Whereas the first protest concerned whether EPCAD delivered appraisal notices, a protest under Section 41.44(c-3) is for the sole purpose of determining "whether one or more taxing units timely delivered a tax bill." TEX.TAX CODE ANN. § 41.44(c-3). Rio Valley did not state in the

notice the date it claims to have first received written notice of the taxes in question, yet the ARB determined that the "notice of protest was filed in time." The ARB also determined that the appraisal records were correct for tax years 2006, 2007, and 2008 and would not be changed. The ARB's final orders on the second protest were issued on May 12, 2010. Thus, Rio Valley was required to file its petition in the district court within sixty days after it received notice of the May 12, 2010 order. Rio Valley did not file a petition in the district court but instead filed a third party petition in this suit against the ARB and EPCAD on June 2, 2010. Unlike its counterclaim against the City, Rio Valley sought in its third party petition a *de novo* review of the ARB's decision on its protest pursuant to Section 42.21 of the Tax Code.

EPCAD contends that Rio Valley did not file the second protest within the time limits established by the Tax Code, and therefore, it failed to exhaust its administrative remedies. The ARB's determination that Rio Valley filed the protest in time is not determinative of the jurisdictional issue nor is it binding on this Court because we are required to review de novo whether the trial court had subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 226; *Subaru*, 84 S.W.3d at 221-22. Under Section 41.44(c), a property owner who files notice of a protest authorized by Section 41.411[5] is entitled to a hearing and determination of the protest if the property owner files the notice prior to the date the taxes on the property became delinquent. TEX.TAX CODE ANN. § 41.44(c). Section 41.44(c-3) provides an exception to the requirement that the protest be filed prior to the delinquency date. *See* TEX.TAX CODE ANN. § 41.44(c-3). A property owner who files a protest under Section 41.411 on or after the date the taxes became delinquent, but not later than the 125th day after the property owner, in the protest filed, claims

---

[5] Under Section 41.411(a), a property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled. TEX.TAX CODE ANN. § 41.411(a). If the property owner establishes failure to provide or deliver the notice, the appraisal review board is required to determine a protest made by the property owner on any other grounds of protest authorized by the Tax Code. *Id.* § 41.411(b).

to have first received written notice of the taxes in question, is entitled to a hearing solely on the issue of whether one or more taxing units timely delivered a tax bill. *Id.* If the appraisal review board determines that all of the taxing units failed to timely deliver a tax bill, the board shall determine the date on which at least one taxing unit first delivered written notice of the taxes in question, and for the purposes of Section 41.44(c-3), the delinquency date is postponed to the 125th day after that date. *Id.*

EPCAD asserted in the plea to the jurisdiction that Rio Valley's second protest came too late because it filed the protest more than 125 days after it first had written notice of the taxes in question. Rio Valley did not state in the notice of protest the date it claims to have first received written notice of the taxes in question. Rio Valley judicially admitted in pleadings filed in this case that it first received notice of the delinquent taxes for the 2006 and 2007 tax years when it was served with citation in the delinquent tax suit on or about October 20, 2008. *See Ehler v. LVDVD, L.C.*, 319 S.W.3d 817, 824 (Tex.App.--El Paso 2010, no pet.)(judicial admissions are assertions of fact, not pleaded in the alternative, in the live pleadings of a party). Thus, Rio Valley did not file a protest under Section 41.44(c-3) until more than seventeen months after it first received written notice of the delinquent taxes. However, Rio Valley argues that Section 41.44(c-3)'s phrase, "claims to have first received written notice of the taxes in question," necessarily refers to receipt of the tax bill. Since it did not receive a tax bill until January 2010, Rio Valley reasons that it timely filed its protest on April 5, 2010.

Statutory construction is a legal question that we review *de novo* in order to ascertain and give effect to the Legislature's intent. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007); *Stanley Works v. Wichita Falls Independent School District*, 366 S.W.3d 816, 823 (Tex.App.--El Paso 2012, pet. denied). When construing a statute, we begin with its

language.  *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Stanley Works*, 366 S.W.3d at 823.  We must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others.  *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Stanley Works*, 366 S.W.3d at 823.  Words shall be given their ordinary meaning unless a word is connected with and used with reference to a particular trade, subject matter, or is used as a word of art, and in such a case, the word shall have the meaning given by experts in the particular trade, subject matter, or art.  *Stanley Works*, 366 S.W.3d at 823, *citing* TEX.GOV'T CODE ANN. §312.002 (West 2013).  Each word, phrase, or expression must be read as if it were deliberately chosen, and we will presume that words excluded from a provision were excluded for a purpose.  *Stanley Works*, 366 S.W.3d at 823, *citing Gables Realty Ltd. Partnership v. Travis Central Appraisal District*, 81 S.W.3d 869, 873 (Tex.App.--Austin 2002, pet. denied).

Under Section 41.44(c-3), the 125-day deadline runs from the date that the property owner, in the protest filed, "claims to have first received written notice of the taxes in question".  If the Legislature had intended for the deadline to begin on the date the taxpayer received a tax bill, rather than when it first received written notice of the taxes in question, it easily could have so provided.  Under the plain language of Section 41.44(c-3), the 125-day deadline for filing the protest begins to run on the date that the property owner claims in its notice of protest that it first received notice of the taxes in question.  Rio Valley did not state in its protest the date on which it received this written notice but it has judicially admitted in this case that it received written notice of the taxes for the 2006 and 2007 tax years on October 20, 2008 when it was served with citation in the delinquent tax suit.  Its notice of protest filed more than seventeen months later, on April 5, 2010, was untimely.

Rio Valley's claims against EPCAD and the ARB also concern the 2008 tax year. Those taxes became delinquent on February 1, 2009 while the City's delinquent tax suit was pending. The City filed an amended petition on March 27, 2009 to include the 2008 taxes. Rio Valley did not present any evidence regarding when it obtained written notice of the 2008 taxes, but it certainly had notice of these taxes when the City filed its amended petition seeking to recover these delinquent taxes. Any protest related to those taxes would have been due on July 30, 2009 (125 days from March 27, 2009), yet Rio Valley did not file its protest until April 5, 2010, more than eight months after the due date.

Consequently, we conclude that the ARB lacked jurisdiction to consider the protest and no appeal could be taken under Chapter 42 of the Tax Code. Because Rio Valley failed to exhaust its administrative remedies, the trial court did not have jurisdiction of Rio Valley's third party petition against EPCAD and the ARB and it should have dismissed that petition. We therefore vacate the trial court's judgment and render judgment dismissing Rio Valley's counterclaim against the City and dismissing its third party petition against EPCAD and the ARB. The cause is remanded to the trial court for trial on the City's delinquent tax suit.


March 19, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment