

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDUARDO VALADEZ, | § | No. 08-23-00267-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| EL PASO CENTRAL APPRAISAL DISTRICT & EL PASO COUNTY | § | of El Paso County, Texas |
| APPRAISAL REVIEW BOARD, | § | (TC# 2023DTX0110) |
| Appellees. | § | |

## MEMORANDUM OPINION

Lawyers live (and sometimes die) by deadlines. Our 821 rules of civil procedure, and the many code provisions in the Black Statutes, are full of them. We can beg for forgiveness for missing some deadlines, but others not.[1] And when there is no deadline for a task? The reality is that it can sink to the bottom of a to-do list. But as this case teaches, that sometimes comes with great risk.

Here, Appellant Eduardo Valadez faced a statutory deadline for filing suit to challenge a decision of the El Paso Central Appraisal District (EPCAD). His lawyer pressed the buttons to electronically file suit before it was due, but his filing was rejected because attachments to the

---

[1] *See e.g.*, Tex. R. App. P. 26.1, 26.3 (requiring notice of appeal to be filed either 30 or 90 days after judgment, but allowing for 15 day extension if supported by sufficient motion); Tex. R. Civ. P. 5 (allowing for enlargement of time for good cause except for deadlines relating to new trials).

pleading were not put in separate electronic folders. In that circumstance, the rules have an answer. They require the district clerk to accept the filing, but then inform Valadez of the error that needs correction, and a set deadline to make the correction.[2] If he did so, the date of original receipt by the district clerk becomes the filing date.[3] And the clerk indeed notified Valadez of the problem but gave no deadline. Valadez made the correction but did so 29 days later, which was after the deadline to file the suit.

EPCAD moved to dismiss the suit for lack of jurisdiction because it was not timely filed. The trial court agreed, finding that Valadez had not used "reasonable diligence" to correct the filing error. We conclude, however, that the district clerk could not reject the filing and Valadez properly invoked the trial court's jurisdiction for his claims against EPCAD. The trial court erred in imposing a reasonable diligence standard in this unique situation. We reverse the dismissal for want of jurisdiction as to EPCAD, but affirm the trial court's dismissal of another defendant who raised a different theory that Valadez does not contest on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2022, Eduardo Valadez learned that EPCAD had assessed taxes on him for property it said he owned during the 2017 to 2022 tax years. He claims, however, that the property had been awarded to his ex-wife in a 2016 final divorce decree. Additionally, one of the property addresses was for a business that Valadez dissolved in 2017. Upon learning that taxes had accrued on the property in his name, he filed a motion with the El Paso County Appraisal Review Board (the ARB) to correct the appraisal roll under § 25.25 of the Texas Tax Code. His theory for correcting

---

[2] Tex. R. Civ. P. 21(f)(11).

[3] *Allstate Fire & Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 285–86 (Tex. App.—Fort Worth 2023, no pet.) (collecting cases).

2

the appraisal roll is that it includes "property that does not exist in the form or at the location described in the appraisal roll."[4]

The ARB denied Valadez's motion in a final order dated January 31, 2023. That order informed Valadez of his right to appeal EPCAD's decision to a district court by filing a petition for review within 60 days after receipt of EPCAD's final order. Valadez alleges that he filed such a petition for review on March 30, 2023, which would have been a timely filing. He made the filing through Texas's Electronic Filing System (e-file). The e-file "envelope" notes the proceeding as a "tax delinquency" case against EPCAD in the "Civil – Tax" category. The El Paso District Clerk, however, "rejected" Eduardo's original petition and left the following comment: "Attachments Do Not Receive A File Stamp. Please Separate Lead Documents And Refile. Thank you for E-filing/MRamirez." (original in all caps). The clerk did not provide a date by which the filing was to be resubmitted. There is no copy of the Original Petition for Review in our record.

On April 28, 2023 (29 days later) Valadez submitted a "Corrected Petition for Review." Our record does contain the corrected petition which names two entities, EPCAD and the ARB, and recites that the original petition for review was filed on March 30, 2023. EPCAD and the ARB responded with a plea to the jurisdiction where they argued that Valadez failed to invoke the jurisdiction of the court because he filed the petition outside the statutory 60-day deadline. Additionally, the ARB argued that it is not a proper party to the litigation under § 42.21 of the

---

[4] Section 25.25 "allows corrections after the time to protest has expired and appraisal rolls have been approved," but "[s]uch corrections can be made only under limited circumstances." *Willacy County Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 40 (Tex. 2018); Tex. Tax Code Ann. § 25.25(c) ("The [Board], on motion . . . of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct[] . . . the inclusion of property that does not exist in the form or at the location described in the appraisal roll[.]"). The Texas Supreme Court has actively written in the property tax arena this term, including on the application of § 25.25. *See J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, No. 22-0974, 22-0975, 2024 WL 2869325 (Tex. June 7, 2024); *Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, No. 23-0138, 23-0145, 2024 WL 3075706 (Tex. June 21, 2024).

Texas Tax Code.[5] EPCAD and the ARB filed separate motions to dismiss for want of jurisdiction, re-urging these same arguments. Both entities supported their motions with: (1) an affidavit from the Value Manager for EPCAD, who is in charge of "tracking and monitoring" lawsuits; (2) notices of appraised value for tax years 2017 to 2022; (3) Valadez's Motion for Correction of Appraisal Roll; (4) the final orders (and accompanying notices) denying the motion for each tax year; and (5) proof of certified mail bound to Valadez through USPS, presumably containing the notices of the final orders and the orders themselves.

Valadez opposed defendants' motion to dismiss. He argued that his filing of the initial petition on March 30, 2023, within the statutory deadline, is a bona fide attempt to invoke the court's jurisdiction. Moreover, he argued it was error for the clerk to reject his filing, as the proper course of action under the Texas Rules of Civil Procedure would have been for the clerk to identify the error and request that he resubmit the document in a conforming format by a set deadline. Although the clerk failed to provide a deadline for his resubmission, Valadez maintains that he resubmitted the corrected petition within a reasonable time. He thus argued the trial court had jurisdiction to entertain the appeal.

As evidence, he attached to his response an e-filing receipt listing the envelope ID that corresponds to the filing made on March 30, 2023. This receipt shows the document, which is described as a "Statement of Inability to Pay Costs," was rejected for failure to separate lead documents. He also attached his second e-filing receipt with a different envelope ID corresponding

---

[5] That provision states:

> A petition for review *may not* be brought against the appraisal review board. An appraisal district may hire an attorney that represents the district to represent the appraisal review board established for the district to file an answer and obtain a dismissal of a suit filed against the appraisal review board in violation of this subsection.

Tex. Tax Code Ann. § 42.21(b) (emphasis added).

to the corrected petition filed on April 28, 2023. This receipt shows the document, described as a "Corrected Petition for Review," was accepted.

The trial court set the matter for a hearing, after which it granted EPCAD and the ARB's plea to the jurisdiction based on "the motions, evidence, argument of counsel and the record." The trial court also issued findings of fact and conclusions of law. The court's fact-finding include:

9. On February 2, 2023, Plaintiff received the [EPCAD's] Final Orders regarding the subject property.

. . .

11. On March 30, 2023, Plaintiff filed [his] original petition with the Court. The Clerk rejected the e-filing and notified plaintiff to re-file [his] original petition.

12. On April 28, 2023, Plaintiff filed [his] *Corrected Petition for Review* with the Court. This date is more than 60 days after Plaintiff received the [Board's] final order.

The Court's Conclusion of Law in part states:

5. In order to "bring suit," a plaintiff must timely file the action and have the defendant served with process. The date of service relates back to the date of filing only if the plaintiff exercises diligence. Plaintiff did not exercise due diligence in filing his *Corrected Original Petition* after being given notice to do so by the Court's Clerk. [legal citations omitted]

. . .

8. All conclusions of law that would be more appropriately classified as findings of fact are hereby adopted as such.

Thus, the court concluded that Valadez failed to invoke the court's jurisdiction.

Valadez filed the instant appeal. The sole issue on appeal is whether the trial court erred when it held that Valadez did not timely file his petition for review and thereby failed to invoke its subject matter jurisdiction.

## STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea by which a party can challenge the trial court's subject matter jurisdiction. *Hernandez v. Sommers*, 587 S.W.3d 461, 467 (Tex. App.—El Paso

2019, pet. denied). Its purpose is to defeat a cause of action regardless of whether the claims asserted have merit. *Id.* at 467–68. The trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Id.* at 468.

Property owners have a right to appeal an order from an appraisal review board concerning the determination of their motion to correct the appraisal roll. Tex. Tax Code Ann. § 42.01(a)(1)(B). But to do so, property owners must timely file a petition for review with the district court. *Id.* § 42.21(a). Section 42.21(a) of the Texas Tax Code provides that a party must file their petition for review with the district court within 60 days after receiving notice of the final order or at any point after the hearing but before the 60-day deadline. *Id.* This 60-day window is a jurisdictional requirement. *Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, 630 S.W.3d 530, 536 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (citing *Appraisal Rev. Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (per curiam)). The late filing of a petition for review deprives the trial court of subject matter jurisdiction to hear the appeal. *See Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 487 (Tex. App.—El Paso 2014, no pet.) ("Administrative decisions are final if not appealed to the district court within 60 days."). *Appraisal Review Bd. of El Paso Cnty. Cent. Appraisal Dist. v. Fisher*, 88 S.W.3d 807, 811 (Tex. App.—El Paso 2002, pet. denied) ("[Taxpayers] must comply strictly with the statute in order to successfully file an appeal; else, the court loses jurisdiction over the case."). Accordingly, we consider whether Valadez timely filed a petition for review.

## ANALYSIS

EPCAD and the ARB's plea to the jurisdiction argues that Valadez failed to invoke the trial court's jurisdiction because he received notice of the Board's final orders on February 2, 2023, but did not file suit until April 28, 2023, more than the 60 days allowed for filing the petition. In

response, Valadez argues that he timely filed his petition for review on March 30, 2023 through the e-filing system, but it was improperly rejected by the clerk because of a formatting error. Even though the clerk failed to provide a resubmission deadline, Valadez believes his petition was resubmitted within a reasonable time on April 28, 2023. The ARB raised a second argument: its plea argues that the ARB is not a proper party to the lawsuit under § 42.21(b) of the Texas Tax Code. The trial court made a specific finding on that issue. Valadez raises no distinct challenge to that finding on appeal, and consequently we affirm the trial court's ruling dismissing the ARB on that basis alone. *See Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied) (holding in plea to the jurisdiction context that an appellant must challenge each independent ground that may support an adverse ruling). We affirm that portion of the order and turn our focus to EPCAD.

For electronic filing, our rules provide that "a document is considered timely filed if it is electronically filed at any time before midnight . . . on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider[.]" Tex. R. Civ. P. 21(f)(5); *see also Allstate Fire & Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 285 (Tex. App.—Fort Worth 2023, no pet.) ("We have referred to this as the 'electronic equivalent of the mailbox rule'; like the hard-copy mailbox rule, the timeliness of an e-filing is based on when the party transmits the document to the e-filing system—the electronic equivalent of dropping the document into the mailbox.").

When electronically filed items contain a defect, the rules do not permit the clerk to reject the filing. *Id.* at 21(f)(11). Instead, the clerk is to identify the error to be corrected and require the submitting party to resubmit the item in a conforming format by a deadline:

> (11) Non-Conforming Documents. The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a

7

conforming format.

Tex. R. Civ. P. 21(f)(11). Once the correction to the non-conforming document is properly made, the filing date is the date of first receipt. "So long as the document is refiled in accordance with the clerk's instructions and by the deadline set by the clerk, the effective date of the filing is deemed as the first date the document was transmitted to the filing party's electronic filing service provider unless said date falls on a Saturday, Sunday, or legal holiday, in which case it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday." *Nevarez Law Firm, P.C. v. Inv. Land Services, LLC*, 610 S.W.3d 567, 570–71 (Tex. App.—El Paso 2020), *opinion after reinstatement of appeal*, 645 S.W.3d 870 (Tex. App.—El Paso 2022, no pet.).[6]

This Court has grappled with these rules, each time affirming the principle that the "resubmission of an otherwise timely filed document through the [electronic filing system] in accordance with the clerk's instructions . . . does not render the filing of the document untimely." *Id.* at 570. In *Nevarez Law Firm, P.C.*, we held that a motion for new trial was timely filed—albeit with the wrong clerk—when the filing was transmitted to the electronic filing service provider

---

[6] The Fort Worth Court of Appeals has collected several similar cases:

> Texas courts have thus "held that [an] electronically filed document was deemed filed when it was successfully transmitted to the party's electronic service provider, even if the filing was not accepted due to a technical error, the filing party canceled the electronic filing before the document was received by the clerk, or the document was never forwarded to the clerk." *Hall v. Lewis*, 639 S.W.3d 197, 207–08 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding e-filed petition timely when it was transmitted on the last day of limitations but the clerk rejected it); *see Whitelock v. Stewart*, 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. filed) (holding e-filed motion for new trial timely even though clerk rejected filing due to formatting noncompliance); *Cummings*, 629 S.W.3d at 302 (holding that "when [a]ppellants transmitted their motion to reinstate to eFileTexas, it was deemed filed" even though appellants later canceled the electronic transaction); *Nevarez Law Firm, P.C. v. Inv. Land Servs., L.L.C.*, 610 S.W.3d 567, 570–71 (Tex. App.—El Paso 2020) (op. on reh'g) (holding e-filed motion for new trial timely even though filing was initially rejected and was routed to wrong clerk), *op. on merits*, 645 S.W.3d 870 (Tex. App.—El Paso 2022, no pet.); *In re Barr*, No. 05-19-00511-CV, 2019 WL 2082468, at *1–2 (Tex. App.—Dallas May 13, 2019, orig. proceeding) (mem. op.) (holding e-filed motion for new trial timely when it was "transmitted to [the] electronic filing service provider" before the deadline even though the clerk rejected it for insufficient fees and noncompliance).

*Allstate Fire & Cas. Ins. Co.*, 679 S.W.3d at 285–86.

within 30 days of the court's judgment because the filing party followed the clerk's instructions for resubmitting the document, this time with the proper clerk. *Id.* at 570–71. We noted in that case that the party's error was merely procedural and not jurisdictional, and we quoted a Dallas Court of Appeals opinion explaining that electronic filing rules "should not become a trap for the unwary when no harm is done." *Id. (citing In re Barr,* No. 05-19-00511-CV, 2019 WL 2082468, at *2 (Tex. App.—Dallas May 13, 2019, no pet.) (mem. op.)).

And more specifically, we have twice dealt with the situation where a filing was rejected, and then corrected *in the absence* of the clerk stating a deadline for the correction. In *Rawls v. La Fogata Mexican Grill*, we dealt with an identical filing error as the one here. 658 S.W.3d 898, 901 (Tex. App.—El Paso 2022, pet. denied). There, a document was rejected twice with instructions to separate the lead documents, but the clerk gave no deadline for resubmission of the filing. The filing date (for a motion for new trial) was critical to whether the trial court retained the jurisdiction to grant a new trial. *Id.* We held the document was filed as of the date it was initially transmitted to the service provider when the party corrected the error three days after it was rejected the second time. *Id.*

In *Whitelock v. Stewart*, we again dealt with a document rejected for failure to separate lead documents, and the resulting argument that a motion for new trial was untimely which divested the trial court of jurisdiction to rule on the motion. 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. denied). The pleading in that case was filed on the day of the deadline, July 16th, but rejected on July 19th, and not corrected until July 23rd. *Id*. at 593. Based on the text of Rule 21(f)(11), we held the clerk was without authority to reject the filing. *Id*. at 594. Our opinion stated, "while the clerk incorrectly rejected the filing due to formatting issues and failed to provide a deadline for resubmission, the Stewarts resubmitted the motion in the correct format within a reasonable time." *Id.; see also Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("Once a party

has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk.").

Against the backdrop of the rules and our cases, the parties advance several arguments. Valadez contends that he timely filed the petition for review and corrected the formatting issue within a reasonable time. EPCAD and the ARB, however, analogize the situation to where a petition is filed just before a statute of limitations runs: in that case the plaintiff must exercise due diligence in issuing and serving process to use the filing date to interrupt the statute of limitations. EPCAD and the ARB then point to the trial court's finding that Valadez did not exercise reasonable diligence, and further note he offered no evidence to explain the 29-day delay in correcting the formatting issue. Based on the trial court's findings, it appears to have adopted this view.

Yet neither of the parties' arguments are firmly grounded in the text of the rule. Turning to EPCAD's position, the obligation to issue and serve citation to comply with a statute of limitations is no doubt a venerable rule in Texas. It was first articulated when the statutes of limitations required that a plaintiff *commence* and *prosecute* their suit within the period of limitations. *See Ricker v. Shoemaker*, 16 S.W. 645, 646–47 (Tex. 1891) ("All the elementary writers agree that, in order to stop the running of the statute of limitations by suit, not only must the initial step required by the statute be taken, but there must also be a *bona fide* intention that the process shall be served at once upon the defendant[.]"). Even when later versions of the statutes of limitations replaced "commence and prosecute" with a requirement that suit be "brought," the courts concluded that the legislature never intended to undo the rule that mere filing of a petition was not enough. *Owen v. City of Eastland*, 78 S.W.2d 178, 179 (Tex. [Comm'n Op.] 1935). The modern formulation of the rule states: "When a plaintiff files his petition within the limitations period but does not serve the defendant until after the period expires, the plaintiff must exercise diligence in serving citation to interrupt the running of limitations." *Holmes v. Texas Mut. Ins. Co.*, 335 S.W.3d 738, 741

10

(Tex. App.—El Paso 2011, pet. denied) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). And in the legion of cases analyzing due diligence, one can find cases with relatively short delays where the courts found a lack of due diligence.[7]

But EPCAD does not cite, and we find no case applying this rule to the rejection of a petition governed by Rule 21(f)(11). Nothing in the text of that rule addresses the timing of a correction other than the clerk is intended to set a deadline. In comparison, Rule 21(f)(6) provides: "Technical Failure. If a document is untimely [filed] due to a technical failure or a system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing." Tex. R. Civ. P. 21(f)(6). That rule does contemplate that a court might need to determine a reasonable period for an extension. *See Jimenez v. Lewis*, No. 14-17-00347-CV, 2019 WL 546426, at *2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2019, no pet.) (mem. op.) (reviewing trial court's ruling that seven days was reasonable time to correct technical error where e-file provider showed the motion as filed, but the court's file showed otherwise). Yet the absence of similar language in 21(f)(11) suggests that the court has no similar role in applying that provision.[8]

Likewise, Valadez's focus on making the correction within a reasonable time is also not grounded in the text of the rule. The rule makes no provision for any person other than the clerk to set the correction deadline. And while our decision in *Whitelock* noted that seven days was a reasonable time for the party to correct a filing in that case, we did not hold that was a requirement

---

[7] *See Slagle v. Prickett,* 345 S.W.3d 693, 698–99 (Tex. App.—El Paso 2011, no pet.) (three-month delay in obtaining service); *Mauricio v. Castro,* 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (31-day delay between expiration of limitations and service); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50 (Tex. App.—San Antonio 1999, pet. denied) (25-day delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (18-day delay between expiration of limitations and service).
[8] We agree with EPCAD that Rule 21(f)(6) does not apply here because there was no technical failure or system outage. *See Allstate Fire & Cas. Ins. Co.*, 679 S.W.3d at 285–86 (finding that computer malfunction experienced before filing deadline was not a technical failure).

under the text of the rule or the cases applying the rule, when the clerk does not state a deadline. *Whitelock*, 661 S.W.3d at 594.

In sum, the text of Rule 21(f)(11) does not impose a reasonable diligence requirement or reasonable time requirement for correcting non-conforming documents when the clerk fails to state a deadline, and we are disinclined to graft one onto the rule by judicial fiat. Nor do we need to decide whether there is an outer limit for how long a party has to correct non-conforming documents. Of course, if the clerk does provide a deadline as the rule contemplates, this Court has already written that a party must meet that deadline to obtain the original filing date. *Nevarez Law Firm, P.C.*, 610 S.W.3d at 570–71. When the clerk fulfills its role, the issue here should never arise. And if there is a needed backstop to what the rule already provides, we view the Texas Supreme Court's rule making process as a better avenue for addressing this kind of issue.

We also address EPCAD's other arguments. It also claims that the record lacks sufficient proof that a petition for review was timely filed on March 30, 2023, because a copy of that original document is not in the file, and a notation on the e-file envelope identifies the filing as a "Statement of Inability to Pay Costs." It also argues for the first time on appeal that the e-file envelopes that Valadez attached to his response are not authenticated. We reject these arguments for two reasons. First, the trial court makes a finding of fact that "On March 30, 2023, Plaintiff filed [his] original petition with the Court. The Clerk rejected the e-filing and notified Plaintiff to re-file [his] original petition." EPCAD does not attack this finding, nor could it, because no transcript of the hearing below was made. Even at that, the e-file envelope has other indicia of reliability and that a lawsuit, and not just a Rule 45 "Statement of Inability to Pay Costs" was filed. The envelope identifies that filing as a tax suit and identifies the defendant as EPCAD. We conclude that Valadez filed a suit, and not just a Statement of Inability to Pay Costs before the 60-day deadline.

12

## CONCLUSION

Because Valadez filed his suit within the statutory deadline, and corrected the non-conforming complaint raised by the clerk, his suit invoked the trial court's jurisdiction for the claims against EPCAD. We reverse the dismissal of EPCAD for want of jurisdiction. We affirm the dismissal of the claim against the ARB.

JEFF ALLEY, Chief Justice

June 28, 2024

Before Alley, C.J., Palafox, and Soto, JJ.