Raul H. MALDONADO, and Wife, Maria G. Maldonado, Appellants,

v.

Roberto PUENTE, and Wife, Rita Puente, Appellees.

No. 04–83–00329–CV.

Court of Appeals of Texas, San Antonio.

March 27, 1985.

W.J. Sames, III, Eagle Pass, for appellants.

George Scharmen, San Antonio, Nancy Harrelson Hausman, Eagle Pass, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

OPINION

CANTU, Justice.

Raul and Maria Maldonado, defendants below, appeal from a post-answer default judgment entered in favor of plaintiffs below, Roberto and Rita Puente.

The Puentes brought suit against the Maldonados in October 1979 alleging default in payment on a real estate lien note executed by the Maldonados in the principal sum of $15,000.00. The Maldonados filed their original answer consisting of a general denial on November 5, 1979. A subsequent amended answer filed on March 17, 1980, raised the defense of failure of consideration. Also filed contemporaneously with the amended answer were a counterclaim against the Puentes and a cross-action against one A.G. Rodriguez alleging fraud and violation of the Texas Uniform Commercial Code, arising from the sale of commercial property which forms the underlying transaction to the real estate lien note. Other various pleadings were filed by the parties including jury demands by the Maldonados and by Rodriguez.

On March 22, 1983, the parties were given written notice that their case along with seven other cases was set for jury selection at 8:30 o'clock a.m. on May 4, 1983. The notice in haec verba states:

March 22, 1983

The below styled and number causes are set for trial by jury at the Maverick County Courthouse, Eagle Pass, Texas, at 8:30 o'clock a.m. on May 4, 1983. All juries will be selected on that date and will be tried at a subsequent date. ALL ATTORNEYS WILL HAVE THEIR SPECIAL ISSUES PREPARED IN TYPE-WRITTEN FORM, and ready to present to the Court prior to any jury selection, or no jury will be selected if plaintiff does not have his issues prepared. Please have extra copies to give to opposing counsel. If any case is settled, please notify the Court at once. If no appearance is made by the plaintiff, and no postponement is granted, the case will be dismissed on the Court's own motion.

| No. 5696 | ATTORNEYS |
|---|---|
| Francisco Ramirez, et ux vs. Maria Rosales | Rufino Cabello<br>J. I. Rhodes (Box R) |
| No. 5771<br>Marshall Payne<br>vs.<br>Enrique Salainas | Fred Zlotucha (222 Main Plaza)<br>(300 Guadalupe) 78701<br>Kevin Thomas O'Hanlon (Suite 201)<br>David T. Shannon (711 Navarro)<br>J. I. Rhodes |

ATTORNEYS

No. 5918
Roberto Puente
and Raul Maldonado, et ux

Nancy H. Hausman
W. J. Sames (Box 376)
Amado Abascal, III

---

No. 6081
Juan Martinez
vs. Felix Cerna

V. F. Knickerbocker
John W. Claybrook (501 Quarry)

---

No. 6123 (Need Judgment that was forthcoming on 2–28–83) 79901
Juan Bruno
vs. Southern Pacific

L. Taylor Zimmerman (303 Basset Tower)
Howard P. Newton (One Alamo Center)

---

No. 6842
Elida Martinez
vs. H.E.B.

Stephen White
N. Keith Williams

---

No. 6977
First Nat'l Bank
vs. Jesus G. Molinar

Ernest G. Mireles
Roland J. Menchaca (1317 Quarry)

---

No. 5682
Emilio Trevino
vs. Eva Flores

W. J. Sames
Richard O. Gonzalez

---

Yours truly,

/s/   BEN MARTINEZ
DISTRICT JUDGE

---

Although the notice states that the cases are set for jury trial on a date certain, it is clear that the intent of the notice is to apprise the parties in all the cases that only jury selection will take place on the date certain while the trial on the merits is to be held on a date to be determined later.

The Puentes appeared with counsel at the noticed time, however, the Maldonados and their counsel arrived approximately forty minutes late.[1]

The judgment recites that following the Maldonados' failure to make announcement the Puentes moved in open court for dismissal of the Maldonados' counterclaim and cross-claim. It further recites that the Puentes moved for judgment on their claim and that the trial court granted both motions. The Maldonados' counterclaim and cross-claim were dismissed with prejudice.[2]

Counsel for the Maldonados responded by filing a formal bill of exceptions complaining of the trial court's actions. The bill as prepared was refused by the trial court, and the court filed its own bill.

The trial court's bill recites:

## COURT'S SPECIAL EXCEPTIONS

Having come on to be heard the Defendants Bill of Exceptions, and the Court having considered same and found them to be incorrect as to the actions taken by the Court, and the Defendants' and Defendants' Counsel having refused to amend same, is entering the following Bill of Exceptions:

---

1. We have not been favored with a statement of facts nor have appellants made an effort to show diligence in obtaining a copy from the court reporter or an affidavit indicating inability to procure. *See Rodger v. Rodger,* 561 S.W.2d 172 (Tex.1978). Nevertheless, appellees admit that no evidence was presented in support of their claim against the Maldonados.

2. The judgment, a formally typewritten instrument appears in the record as having been signed on May 4, 1983, and filed with the clerk of the court by 9:50 o'clock a.m. of the same day.

1. Defendants appeared by their attorney at 9:10 a.m., when said defendants and attorney were notified to be in Court for jury selection at 8:30 a.m., and no verbal objection to the Court's ruling of Judgment for Plaintiffs for all things sought in their petition was voiced by the defendants counsel in any respect.

2. All cases listed on Exhibit A hereto attached had been called and were disposed of, except for Case No. 5771, wherein a jury panel was selected and seated for jury selection in that case, No. 5771, and there being no further need for the jurors, all jurors not selected for voir dire examination in cause No. 5771 (42 jurors in number) were dismissed and sent home as there was no need for their services; jurors were kept until approximately 8:55 a.m., waiting to see if there was any further need for any juries.

3. Defendants Counsel, W.J. Sames, III, was asked why he was not there at the appointed time of 8:30 a.m., and his reply to the Court was that he was late because he didn't think Mrs. Nancy Hausman, opposing counsel, was going to appear in court because of her pregnant condition; no other explanation for being late was given by Mr. Sames; and Mr. Sames voiced no objection to the Court granting plaintiffs judgment.

4. The Notice delivered to Defendant's counsel specifically states that this cause was set for 8:30 a.m. on May 4, 1983 for jury selection (See Exhibit A attached.)

5. Plaintiff was entitled to a Default Judgment as a matter of law as defendants nor their counsel appeared and all of Defendants' pleadings were struck and Judgment granted to Plaintiffs, as prayed for by Plaintiffs; (2) Court's ruling was according to law, and it showed no abuse of discretion; (3) further the defendants were denied a trial as they did not appear at the specified time that was set for the trial on this matter.

Signed this the 29th day of June, 1983.

/s/ Ben Martinez
Judge Presiding

The Maldonados' points of error are broadly construed as a request to vacate the default judgment and order a trial of the case on its merits. The first two points complain of trial court error in denying a trial by jury and in denying a trial on the merits altogether.

The Maldonados and Rodriguez made timely demand for a jury and paid the jury fee. Nevertheless, on the day set for jury selection the Maldonados and their attorney arrived late. The record is silent as to appearance by Rodriguez and the judgment adjudicates the claim by the Maldonados against him by implication inasmuch as the cross-action against him was dismissed with prejudice.

Rule 220, Texas Rules of Civil Procedure, provides: "... Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." *See also Lopez v. Soliz*, 619 S.W.2d 12, 13 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Hall v. C–F Employees Credit Union*, 536 S.W.2d 266, 267 (Tex.Civ.App.—Texarkana 1976, no writ); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 11.03.2, p. 107 (rev.1983).

■ Although we would not characterize the Maldonados' late appearance as a failure to appear, we have no problem viewing it as dilatory and for purposes of the rule hold that a failure to appear at the designated time constitutes a waiver of trial by jury under Rule 220. The Maldonados' first point of error is overruled.

■ We address the Maldonados' second contention by reiterating the well established rule that a default judgment rendered when an answer is on file constitutes error. *Terehkov v. Cruz*, 648 S.W.2d 441 (Tex.Civ.App.—San Antonio 1983, no writ); *Corsicana Redy Mix v. Trinity Metroplex Division, General Portland, Inc.*, 559 S.W.2d 423 (Tex.Civ.App.—Dallas 1977, no writ); *Otten v. Snowden*, 550 S.W.2d 758 (Tex.Civ.App.—San Antonio 1977, no writ); *Standford v. Lincoln Tank Co.*, 421 S.W.2d 412 (Tex.Civ.App.—Fort Worth 1967, no writ). Because the trial court

characterized the judgment as a default judgment, it necessarily must have been a post-answer default judgment.

In *Hall v. C–F Employees Credit Union, supra,* a suit was brought on a promissory note and an answer was filed. However, the defendant failed to appear at trial and a judgment was entered in favor of plaintiff. The court in reversing the judgment held that the defendant had waived his right to a jury trial by failing to appear. It added further:

> If the judgment was a default judgment (that is, one rendered upon the pleadings without the taking of evidence) it was unauthorized because appellants had both an answer on the merits and a counterclaim on file, and their failure to appear at the trial constituted neither an abandonment of their pleadings nor an implied confession of any issue thereby joined. Thus neither a judgment by default nor a judgment nihil dicit was proper. *Frymire Engineering Co., Inc. v. Grantham,* 524 S.W.2d 680 (Tex.1975) and cases therein cited; 4 McDONALD, TEXAS CIVIL PRACTICE, Sec. 17.25, p. 127. In such an event the plaintiff is not entitled to judgment on the pleadings but must proceed to trial and prove his case. 4 McDONALD, TEXAS CIVIL PRACTICE, Sec. 17.25, pp. 127–28. Although sometimes called a default judgment, the judgment entered in such a case is strictly speaking, not a default but a judgment upon trial. *Webb v. Reynolds,* 207 S.W. 914 (Tex.Comm'n App.1919, jdgmt adopted).

In the instant case the facts are not unlike those in *Hall,* with the important exception that the trial court struck all of the Maldonados' pleadings for failure to appear for jury selection. We must determine whether the action of the trial court in striking all of the Maldonados' pleadings was authorized under the circumstances.

The judgment recites that the Puentes moved to have the Maldonados' pleadings for affirmative relief dismissed. It further recites that the trial court was by oral motion requested to enter judgment on their claim against the Maldonados. Nothing in the record discloses the motive behind the trial court's decision to strike all of the Maldonados' pleadings.

TEX.R.CIV.P. 73 permits the trial court to strike a party's pleadings for failure to furnish the adverse party with a copy of any pleading. This rule affords the trial court no basis for its action. Neither do Rules 215, 165a.

Neither of the preceding rules, based upon sanctions or failure to prosecute, authorizes the trial court to dismiss or strike the pleadings of a party not seeking affirmative relief for failure to appear for jury selection.[3]

■ Appellees advance as authority for the court's action in striking the Maldonados' pleadings Rule 219.

Rule 219 provides:

> The court shall designate the days for taking up the jury docket and the trial of jury cases. Such order may be revoked or changed in the court's discretion.

We find no authority for the trial court's action under that rule.

Rule 239 provides:

> Upon such call of the docket (appearance docket Rule 238), or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107.

It is clear that a post-answer default judgment will lie in a situation in which neither the defaulting party nor an attorney repre-

---

**3.** Although the judgment speaks in terms of dismissing causes of action, the trial court's bill indicates that all of the Maldonados' pleadings were stricken. This would obviously include all defensive matters raised in response to the Puentes' suit in addition to the pleadings seeking affirmative relief. We thus use the term stricken to apply to the defensive pleadings and dismissed to apply to the affirmative pleadings.

senting him appears at trial provided that the judgment is in accordance with the pleadings, and the plaintiff has offered evidence and has proven his case as in a judgment upon a trial. *Karl & Kelly Co., Inc. v. McLerran,* 646 S.W.2d 174 (Tex. 1983). The instant case was not, however, set for trial on the merits but rather for jury selection. Thus the Maldonados did not fail to appear for trial. *Cf. Karl & Kelly Co., Inc. v. McLerran, supra.*

■ Moreover, the notice sent to the parties regarding jury selection placed the plaintiff on notice that a failure to appear would result in dismissal of the suit. Thus the notice served to notify the Maldonados that their case would be dismissed insofar as their status as plaintiffs was concerned but did not touch their status as defendants.

We hold that the trial court erred in entering a post-answer default judgment against the Maldonados because they failed to appear for jury selection.

■ Assuming arguendo that à post-answer default judgment was in order because of failure to appear for jury selection, as opposed to trial on the merits, the Puentes were nonetheless, required to offer evidence and prove all aspects of their case. *See Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Karl & Kelly Co., Inc. v. McLerran, supra.* A post-answer default judgment constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendants' answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial. *Stoner v. Thompson, supra; Frymire Engineering Co., Inc. v. Grantham,* 524 S.W.2d 680 (Tex.1975).

The Puentes admit in their briefs that they offered no evidence in support of their case and the judgment recitations support that admission. The Puentes argue, nevertheless, that the nature of their lawsuit

dispensed with the need for formal proof because the pleadings sufficiently stated a cause of action and sought liquidated damages. We do not agree that the rule advocated by the Puentes applies to a post-answer default.

■ It is in no answer default judgments and in judgments nihil dicit that it is held that a non-answering party has "admitted" the facts properly pled and the justice of the opponent's claim. *Storey v. Nichols,* 22 Tex. 87 (1858); *Stoner v. Thompson, supra.*

In post-answer defaults the defendant preserves any issues he has properly joined by his answer. In the instant case the amended answer filed by the Maldonados joined issue on the question of liability, and thus a failure to appear did not convert their answer into an admission of the facts pled by the Puentes.

For the further reason that the Puentes failed to discharge their burden of proof the trial court's granting of a post-answer default judgment was error. We sustain the Maldonados' second point of error.

The Maldonados' third point of error complains of the trial court's entry of judgment against them at a time when the only matter before the court was the selection of a jury. We agree that a question of fair notice is raised but we need not address the point further in view of our holding that the trial court was unauthorized to enter default judgment for other related reasons.

By their fourth point of error the Maldonados complain of the trial court's action in dismissing their cross-claim against Rodriguez because there was no motion for judgment made by Rodriguez and no evidence offered in support of the dismissal.

The Puentes point to the notice of the trial court that a failure of a plaintiff to appear for jury selection would result in a dismissal on the court's own motion. They argue that by virtue of their cross-action, the Maldonados stood in the status of plaintiff as against Rodriguez.[4]

---

**4.** The Maldonados do not assign error in the trial court's action in dismissing their counterclaim against the Puentes but limit their complaint to the dismissal of their cross-claim

The judgment recites that the cross-claim against Rodriguez was dismissed at the urgence of the Puentes and not at the insistence of Rodriguez. Authority for the trial court's action must be found in the Rules of Civil Procedures or must be founded upon the trial court's inherent powers.

Rule 165a permits the trial court to dismiss a case for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which the party or attorney had notice.

Under the limited facts presented by this case we are not prepared to hold that the trial court abused its discretion in dismissing the cross-action. This is particularly so since nothing in the record evidences an attempt to have the cause of action against Rodriguez reinstated. *See* TEX.R.CIV.P. 165a(2) (Vernon 1976) (now amended effective December 5, 1983).

However, a dismissal for want of prosecution is not a trial on the merits and therefore dismissal with prejudice is improper. *Collins v. Flatte,* 614 S.W.2d 580 (Tex.Civ.App.—Texarkana 1981, no writ); *Willis v. Barron,* 604 S.W.2d 447 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). To the extent the dismissal by the court was with prejudice the court's action was error.

The Maldonados' final point of error complains of the damages awarded. In view of the disposition we make of the case the contention need not be addressed.

The judgment of the trial court is reversed and the cause is remanded.

against Rodriguez, a party not shown to have been present at the jury selection hearing.