The ATTORNEY GENERAL OF the
STATE OF TEXAS, Appellant,

v.

Joe N. ABBS, Appellee.

No. 05–90–01417–CV.

Court of Appeals of Texas,
Dallas.

May 16, 1991.

**606**

Charles G. Childress, Austin, for appellant.

Jack Manning, Dallas, for appellee.

Before STEWART, BURNETT and MALONEY, JJ.

## OPINION

STEWART, Justice.

This is an appeal by petition for writ of error under rule 45 of the Texas Rules of Appellate Procedure. The Attorney General of the State of Texas seeks reversal of a judgment in favor of Joe N. Abbs in a paternity determination proceeding. We reverse the trial court's judgment and remand this cause for further proceedings.

Acting under chapter 76 of the Texas Human Resources Code, the Attorney General filed suit seeking a determination that Abbs was the biological father of the child Ebony Sheree McCoy and seeking an order requiring Abbs to make child support payments. Abbs answered with a general denial, special exceptions, and a claim for attorney's fees. The Attorney General responded to Abbs's claim for attorney's fees with an assertion of sovereign immunity.

The trial court referred the case to a master. At a hearing on March 7, 1990, the master sustained two of Abbs's special exceptions and ruled that the Attorney General was not immune from liability for attorney's fees. The Attorney General appealed these rulings to the district court. A hearing was held in the district court on April 9, 1990. The Attorney General failed to appear at the hearing, and the trial court entered a take-nothing judgment in favor of Abbs and awarded Abbs's attorney his fees. The Attorney General appeals this judgment by petition for writ of error.

The four elements for review by petition for writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in trial; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). The record in this case shows that the first three requirements have been met. The Attorney General raises five points of error that he contends demonstrate error apparent on the face of the record. In his second and third points of error, the Attorney General asserts that the trial court erred in granting a final judgment at a pretrial hearing on special exceptions and by entering a judgment at a hearing on an appeal of recommendations of a court master because the judgment exceeded the scope of the appeal. We agree.

Subchapter 54A of the Texas Government Code governs family law masters. Under section 54.005, a master may, upon referral by the trial judge, preside over a hearing in a paternity determination proceeding such as this one. *See* TEX.GOV'T CODE ANN. § 54.005(a) (Vernon 1988). At the conclusion of the hearing and on preparation of his report, the master must transmit to the referring court all papers relating to the case, with his signed and dated report. TEX.GOV'T CODE ANN. § 54.010(a) (Vernon 1988). Although the master's report must be written, it may be in the form of a notation on the referring court's dock-

et sheet. TEX.GOV'T CODE ANN. § 54.010(b) (Vernon 1988). The master must notify the parties of the substance of his report. *Id.* If the parties do not appeal, the referring court may adopt, approve, or reject the master's report. TEX.GOV'T CODE ANN. § 54.011 (Vernon 1988). The master's findings and recommendations become the decree of the referring court only on the referring court's signing an order or decree conforming to the master's report. TEX. GOV'T CODE ANN. § 54.013 (Vernon 1988).

Section 54.012 of the Texas Government Code governs appeals from the master's rulings. Any party may obtain a hearing de novo in the referring court by filing an appeal with the referring court within three days of the date that the master gives the parties notice of the substance of his report. TEX.GOV'T CODE ANN. §§ 54.-012(a), 54.012(e) (Vernon 1988). The appeal must be in writing and must specify the findings and conclusions that the appealing party contests. TEX.GOV'T CODE ANN. § 54.-012(d) (Vernon 1988). Section 54.012(h) requires the hearing on the appeal to be held no later than thirty days after the date on which the initial appeal was filed. TEX. GOV'T CODE ANN. § 54.012(h) (Vernon 1988). Under section 54.012(d), the appeal is limited to the findings and conclusions specified in the written notice. TEX.GOV'T CODE ANN. § 54.012(d) (Vernon 1988).

In the present case, the master noted her conclusions on the trial court's docket sheet on March 7, 1990. That report shows that she sustained two of Abbs's special exceptions and that she concluded that the Attorney General was not immune from a judgment for attorney's fees. The report contains no award of attorney's fees to Abbs. The Attorney General filed a timely written appeal on Monday, March 12, 1990. *See* TEX.GOV'T CODE ANN. § 54.012(a) (Vernon 1988) (time limit for appeal computed according to rule 4 of the Texas Rules of Civil Procedure); TEX.R.CIV.P. 4 (where due date falls on weekend, item is timely if filed on the following Monday). The appeal specified the items appealed as the master's rulings on the two special exceptions and the ruling on the immunity issue.[1] After a hearing on the Attorney General's appeal on April 9, 1990, the judge of the referring court entered a take nothing judgment against the Attorney General and awarded Abbs attorney's fees in the amount of $4,500.00.

██ Under section 54.012(d) of the Texas Government Code, the Attorney General's appeal was limited to the rulings specified in his written notice of appeal. TEX.GOV'T CODE ANN. § 54.012(d) (Vernon 1988). Thus, the only matters presented by the appeal were the special exceptions and the immunity issue. It is well established that, when special exceptions are sustained, the affected party must be given an opportunity to amend before his pleadings are dismissed or a take-nothing judgment is entered against him. *Susanoil, Inc. v. Continental Oil Co.,* 516 S.W.2d 260, 263–64 (Tex.Civ.App.—San Antonio 1973, no writ); *Harold v. Houston Yacht Club,* 380 S.W.2d 184, 186 (Tex.Civ.App.—Houston 1964, no writ); *cf. Wiseman v. Zorn,* 309 S.W.2d 253, 259 (Tex.Civ.App.—Houston 1958, no writ) (if plaintiff declines to amend after court sustains special exceptions, proper order is dismissal rather than take nothing judgment). The Attorney General's exercise of his option under section 54.012 to appeal the master's ruling on the special exceptions did not constitute a refusal to amend. *See Geochem Laboratories, Inc. v. Brown and Ruth Laboratories, Inc.,* 689 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (plaintiff did not refuse to amend by filing motion to reconsider without attaching amended pleadings). Since the only issues presented by the Attorney General's appeal were the special exceptions and the Attorney General's sovereign immunity claim, the trial court's take nothing judgment

---

1. The Attorney General's written appeal also identified a third item appealed: the master's ruling on a discovery matter. That ruling was not noted in the master's docket sheet entry and the Attorney General makes no complaint concerning it in this Court. Since its inclusion in the Attorney General's written appeal has no effect on our disposition of this case, we do not notice it further.

against the Attorney General denied him an opportunity to amend his pleadings. Similarly, by awarding attorney's fees to Abbs's attorney, rather than simply determining whether the defense of sovereign immunity was available to the Attorney General, the trial court determined a matter not presented by the Attorney General's appeal.

The trial court's judgment recites that the Attorney General failed to appear at the April 9, 1990 hearing. Therefore, we must determine whether, even though it exceeded the scope of the Attorney General's appeal, the trial court's judgment may be upheld by the Attorney General's failure to appear at this hearing. This analysis requires that we consider separately the trial court's action on the Attorney General's claims and on Abbs's claim for attorney's fees.

Rule 165a of the Texas Rules of Civil Procedure authorizes the trial court to dismiss a case for want of prosecution upon the failure of any party seeking affirmative relief to appear for any hearing of which the party had notice. TEX. R.CIV.P. 165a(1). A dismissal for want of prosecution is not a trial on the merits, however, and the proper order is a dismissal without prejudice rather than a dismissal with prejudice or a take-nothing judgment. *Maldonado v. Puente*, 694 S.W.2d 86, 92 (Tex.App.—San Antonio 1985, no writ); *Lum v. Lacy*, 616 S.W.2d 260, 261 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In this case, the trial court rendered a take-nothing judgment on the claims asserted in the Attorney General's petition. Even if we assume that the trial court could properly have dismissed the Attorney General's claims in light of his failure to appear at the hearing, that failure to appear will not support the take-nothing judgment rendered here. *Lum*, 616 S.W.2d at 261.

Similarly, the trial court's award of attorney's fees arguably might be supported as a post-answer default judgment. *See Maldonado*, 694 S.W.2d at 90–91. It is clear that a post-answer default judgment will lie where the defaulting party fails to appear for trial. In the instant case, however, the record indicates that the case was set for a hearing on the Attorney General's appeal of the master's rulings—an appeal limited to the special exceptions and sovereign immunity issues—rather than for trial on the merits. The Attorney General's failure to appear for this hearing does not support the trial court's entry of a default judgment against him on Abbs's claim for attorney's fees. *See id.* at 91 (where case was not set for trial, trial court erred in rendering default judgment upon defendants' failure to appear for jury selection).

We sustain the Attorney General's second and third points of error. Because our ruling on these points is dispositive of this appeal, we need not address his other points. The trial court's judgment is reversed and this cause is remanded to the trial court.