MEMORANDUM OPINION

No. 04-03-00938-CV

SPRINGFIELD CHIROPRACTIC, P.C. D/B/A HILLSIDE CHIROPRACTIC CLINIC,
and CHIROPRACTIC STRATEGIES GROUP, INC.,
Appellants

v.

Patricia HERNDEN,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 1999-CI-14978
Honorable Rebecca Simmons, Judge Presiding



 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 16, 2005

AFFIRMED AS MODIFIED
            In their sole issue, appellants Springfield Chiropractic, P.C. d/b/a Hillside Chiropractic Clinic
(“Springfield Chiropractic”), and Chiropractic Strategies Group, Inc. (“Chiropractic Strategies”)
claim the trial court erred in dismissing their suit with prejudice for want of prosecution. Appellants
do not challenge the dismissal, only the recitation in the court’s order that the dismissal is “with
prejudice.” We modify the court’s order to strike the words “with prejudice,” and affirm the trial
court’s judgment as modified.
Factual and Procedural Background
            On October 19, 1999, Springfield Chiropractic and Chiropractic Strategies sued attorney
Hernden for breach of fiduciary duty and breach of contract based on her purported failure to
disperse settlement proceeds to them for services rendered to Hernden’s clients. On August 21,
2003, almost four years later, Hernden filed a motion to dismiss for want of prosecution based on
violation of a prior court order and failure to timely prosecute the case. A hearing on the motion to
dismiss was held on September 4, 2003, and a dismissal order was signed that day. On October 6,
2003, Springfield Chiropractic and Chiropractic Strategies filed a motion to modify the dismissal
order requesting the court strike the phrase “with prejudice” from the court’s order. The motion to
modify was overruled by operation of law on November 18, 2003. Tex. R. Civ. P. 329b(c) (if a
motion to modify a judgment is not determined by written order signed within seventy-five days after
the judgment was signed, it is overruled by operation of law). On December 15, 2003, the trial court
held a hearing on the motion to modify, and signed an order denying the motion. Springfield
Chiropractic and Chiropractic Strategies appealed.
Analysis
            On appeal, Springfield Chiropractic and Chiropractic Strategies do not challenge the
dismissal of their case for want of prosecution. Their only complaint is that the dismissal was “with
prejudice,” and their only request for relief is that this court reform the dismissal order to strike the
words “with prejudice.”


 
            Dismissal of a case with prejudice functions as a final determination on the merits. Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). A dismissal for want of prosecution is
not a trial on the merits, and therefore dismissal with prejudice is improper. Maldonado v. Puente,
694 S.W.2d 86, 92 (Tex. App.—San Antonio 1985, no writ). An order of dismissal for want of
prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in
the position they were in prior to filing the suit. Melton v. Ryander, 727 S.W.2d 299, 303 (Tex.
App.—Dallas 1987, writ ref’d n.r.e.). Therefore, if the trial court’s order dismissed this case with
prejudice, it would be improper and we would modify the judgment to strike the words “with
prejudice.”


 Id.
            The court’s dismissal order states,
 On the 4th day of September, 2003, the Court considered the Motion to Dismiss for
Want of Prosecution filed by Movant, Patricia Hernden. The court, after hearing all of the
arguments of counsel, finds:
 
                        1.        Good cause exist [sic] for granting the Motion to Dismiss as required under
Rule 165(a) and therefore the case is dismissed in its entirety with prejudice;
 
It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff’s case be
dismissed in its entirety and that all other relief not expressly granted herein is denied.

            Hernden argues the trial court’s reference to the dismissal being “with prejudice” arises only
within the court’s findings, and is omitted from the portion of the order that actually effects the
dismissal of the case; therefore, it is surplusage and may be disregarded. Hernden cites no legal
authorities in support of this contention. While we agree that the inclusion of the words “with
prejudice” in the order may have been inadvertent, we need not speculate as to the court’s intent. 
The parties agree that the dismissal was intended to be without prejudice. Our review of the record
confirms that the court did not adjudicate the rights of the parties; therefore, it was proper for the
dismissal for want of prosecution to be without prejudice. Maldonado, 694 S.W.2d at 92. 
Accordingly, in order to alleviate any confusion created by the court’s language, we modify the
dismissal order to strike the words “with prejudice,” and affirm the trial court’s judgment as
modified. Tex. R. App. P. 43.2(b).
 
Phylis J. Speedlin, Justice