FILED
*June 2, 2016*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO. 03-16-00058-CV

## IN THE COURT OF APPEALS
## FOR THE THIRD APPELLATE DISTRICT OF TEXAS
## AUSTIN

### CASSANDRA LAMPKIN
*Appellant,*

v.

### LYNN BROCK
*Appellee.*

From the 419th Judicial District Court of Travis County
Trial Court Cause No. D-1-GN-11-002366

### APPELLANT'S FIRST AMENDED BRIEF

Cassandra Lampkin, *Pro Se*
PO Box 140091
Austin, Texas 78714 (512)
999-4965
cassandralampkin@yahoo.com

RECEIVED
MAY 1 2 2016
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**

Ms. Cassandra Lampkin

**Appellee:**

Ms. Lynn Brock

**Counsel for Appellant:**

Pro Se
PO Box 140091
Austin, Texas 78714
(512) 999-4965
cassandralampkin@yahoo.com

**Counsel for Appellee:**

Mr. Ethan F. Goodwin
**CLARK, TREVINO & ASSOCIATES**
Mailing Address:
PO Box 258829
Oklahoma City, Oklahoma 73125-8829

_Cassandra Lampkin_
Cassandra Lampkin, *pro se*

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. 2

Table of Contents ................................................................................... 3

Index of Authorities ............................................................................... 4

Statement of the Case ............................................................................. 7

Statement Regarding Oral Argument ....................................................... 8

Statement of Issues Presented ................................................................ 9

Statement of the Facts ........................................................................... 10

Summary of the Argument ...................................................................... 11

Argument ............................................................................................... 12

    I.     Issue 1: The Trial Court erred in Dismissing Appellant's case for want of prosecution, with prejudice. Dismissal for want of prosecution, with prejudice is not an adjudication on the merits. ................................................................. 12

    II.    Issue 2: Judgment by Default against Appellee was proper in this case. .............................................................................. 20

Conclusion ............................................................................................. 24

Prayer for Relief .................................................................................... 27

Certificate of Service ............................................................................. 28

Certificate of Compliance ...................................................................... 29

Appendix: ............................................................................................... 30

    Tab 1. Final Order, Signed January 6, 2016 ............................... 30

# INDEX OF AUTHORITIES

***Cases***                                                                                        ***Page No.***

*Attorney General Texas v. Rideaux*, No. 91-05231 (1992) ............19, 25

*Barr v. Resolution Trust Corp.*, 837 S.W.2d (Tex. 1992) ................... 14

*Belleza-Gonzalez v. Villa*, 57 S.W.3d (Tex. App. – 2001)...................21

*Carter v. McFadyen*, 93 S.W. 3d (Tex. App. – 2002)......................... 20

*Christian v. Christin*, 985 S.W. 2d (Tex. App. – 1998) ...............passim

*City of Houston v. Robinson*, 837 S.W.2d (Tex. App.-1992)............... 17

*Clements v. Barnes* 834 S.W.2d (Tex. App. - Corpus Christi 1992) ......

*Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d (Tex. App. – Waco 2005).................................................................................... 15

*Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d (Tex. App. – Dallas 2001) ......................................................................................... 15

*Gardner v. U.S. Imaging*, 274 S.W.3d (Tex. – 2008) ...................23, 26

*Gracey v. West*, 422 S.W. 2d (Tex. – 1968) ......................................19, 25

*Holmes v. Tex. Mex Inc. Co.*, 335 S.W. 3d (Tex. App.- El Paso 2011)20, 21

*Kawasaki Steel Corp. v. Middleton*, 699 S.W. 2d (Tex. 1985) ........... 22

*Lentwork v. Trahan*, 981 S.W.2d (Tex. App. – Houston 1998).......... 14

*Lum v. Lacy*, 616 S.W.2d (Tex. Civ. App. – Houston 1981)............... 19

*MacGregor v. Rich*, 941 S.W. (Tex. 1997) .....................................18, 26

*Maldonado v. Puente*, 694 S.W.2d (1985) .....................................16, 24

*Marrot Communications Inc., v. Town & Country*, No. 01-06-00068-CV (2007) .......................................................................................... 20

*Martin v. Martin*, 991 S.W.2d (Tex. App. – 1997) ........................... 14

Appellant's First Amended Brief No. 03-16-00058-CV

*McConnell v. Attorney General of Texas,* 878 S.W.2d (Tex. App. – Corpus Christi 1994).................................................................. 15

*Melton v. Ryander,* 727 S.W. 2d (Tex. App. – Dallas 1987)........passim

*Morgan v. Compugraphic Corp.,* 675 S.W.2d (Tex. 1984).............23, 26

*Mossler v. Shields,* 818 S.W.2d (Tex. 1991)...................................... 14

*Ritchey v. Vasquez,* 986 S.W.2d (Tex. 1999) ..................................... 14

*Rizk v. Mayad,* 603 S.W.2d (Tex. 1980)........................................19, 25

*Sanchez v. Providence Memorial Hospital,* 679 S.W. 2d (Tex. App. – El Paso, 1984)............................................................................. 21

*Scoville v. Shaffer,* 9 S.W.3d (Tex. App. – 1999)..........................18, 26

*Simon v. BancTexas Quorum, N.A.* 754 S.W.2d (Tex. App. – Dallas 1988) ...........................................................................................23, 26

*Smith v. Babcock & Wilcox, Constr. Co.,* 913 S.W. 2d (Tex. 1995).... 15

*Sommers v. Concepcion,* No. 14-98-00053-CV, 2000 WL 205192, (Tex. App. – Houston)................................................................................ 14

*Texaco Inc. v. Phan,* 137 S.W.3d (Tex. App. – Houston 2004)......23, 26

*Texas Attorney General v. Abbs,* 812 S.W.2d (Tex. App. – Dallas 1991).........................................................................23, 26

*Veterans Land Bd. v. Williams,* 543 S.W.2d (Tex. 1976)................... 16

*Villarreal v. San Antonio Truck & Equp.,* 994 S.W.2d (1999) .......... 16

<u>**Rules**</u>

Tex. R. Civ. P. 4 ..............................................................................21, 22

Tex. R. Civ. P. 99(a)............................................................................ 21

Tex. R. Civ. P. 99(b), (d) ..................................................................... 22

Tex. R. Civ. P. 107.............................................................................. 22

Tex. R. Civ. P. 122..........................................................................22, 23

Tex. R. Civ. P. 239 .......................................................................... 22

## *Statutes*

Tex. Lab. Code 406.001 et seq. .......................................................... 7

Texas Constitution Article 5 Section 9 ..................................... 18

# STATEMENT OF THE CASE

This case stems from a personal injury lawsuit filed against Appellee in the 419th District Court of Travis County, Texas. On March 8, 2008, while Appellant was in the usual course and scope of her duties assigned by Appellee, she sustained an injury to her back with rushing pain and suffering. After continued complaints of chronic back pain and suffering, and several visits with the Doctors, an MRI revealed permanent damage to the spinal cord, both the cervical and lumbar. Appellant has been, remains and will remain under the care of Doctors. Appellant was hired as a home healthcare aide for an elderly, permanent paralyzed man, with duties involving, among other things, constant lifting and moving the man client with no lifting assistance or equipment. Appellee is a nonsubscriber to the Workers' Compensation Insurance system, *Texas Labor Code* 406.001 *et seq.* Appellant is a *pro se* litigant, the Trial Court dismissed this cause of action for want of prosecution and with prejudice. Judgment by Default was proper against Appellee in the trial Court. No hearings were scheduled for Motions filed on September 11th and 12th 2011, no further communication from the Court regarding those Motions.

Appellant's First Amended Brief No. 03-16-00058-CV

## STATEMENT REGARDING ORAL ARGUMENT

The facts and legal arguments in this case are adequately presented in Appellant's brief. Oral argument is therefore not necessary.

# STATEMENT OF ISSUES PRESENTED

1. Whether the trial court abused its discretion in dismissing this case for want of prosecution with prejudice.

2. Whether the trial court abused its discretion by failing to set a hearing date for Appellant's Judgment by Default against Appellee.

Appellant's First Amended Brief No. 03-16-00058-CV

# STATEMENT OF FACTS

## A. Introduction

Appellant is Cassandra Lampkin, proceeding *pro se* and *in forma pauperis*. Appellee is Appellant's former employer, Lynn Brock ("Ms. Brock") hired to care and assist her father Mr. Brock ("client"), an elderly, permanent paralyzed man unable to walk and stand on his own, including unable to care for himself. Appellee assigned what the duties were for caring for her father, which included, among other things, lifting and moving him. During the usual course and scope of Appellant's employment with Appellee, Appellant injured her back while lifting and moving the client (C.R. at 6-9). With rushing and extreme pain to the back, Appellant went straight to the emergency room for immediate observations and relief. After continued complaints of chronic pain and suffering, and making several visits to the Doctors, and as the result of Appellee's deliberate negligence and failure to furnish safe lifting equipment, among other things, to aid with assisting the client, even after making several requests for this equipment, Appellant sustained substantial damage to her spinal cord, becoming permanently disabled, unable to regain full time employment (C.R. at 6-

12). A magnetic resonance imaging test (MRI) revealed permanent damage to the spinal cord, both the cervical and lumbar. Appellant has been, remains and will remain under the care of Doctors, among other things, for the rest of her life. Appellee is a nonsubscriber to Workers' Compensation Insurance.

## B. Procedural Background

Appellant filed her Original Petition on August 5, 2011 (*see* C.R. at 6-12). On September 6, 2011, and despite being properly served on August 23 and 26, 2011, Defendant filed a frivolous Motion to Quash Service. Namely, Appellee's attorney at the time, Velva J. Price ("Price"), who later was sworn in as the District Clerk for Travis County on or about January 2015, in which this case was on the Court's docket under her discretion.

## SUMMARY OF THE ARGUMENT

The trial Court abused its discretion and improperly dismissed Appellant's case with prejudice, for want of prosecution. Appellant used due diligence, as a reasonable prudent person would in the same or similar circumstances, in not only perfecting service on the Appellee, but also filing a timely Motion for Judgment by Default against

Appellee. Appellee did not file a proper answer pursuant to the Citations (C.Rs. at 13-14).

## ARGUMENT AND AUTHORITY

### The Trial Court Er red in Dis mis sing Appellant's Cas e with Prejudice for Want of Prosecution and abused its discretion.

The trial Court dismissed this case for want of prosecution and with prejudice in favor of Appellees' Motion to Dismiss. The trial court abused its discretion and violated Appellant's right to due process and without Appellant's cause of action being adjudicated on the merits. Unbeknownst to Appellant, a hearing on Appellee's Motion to Dismiss for Want of Prosecution was held January 6, 2016. Prior to this Motion being filed, on December 17, 2015, the parties had just communicated by phone settlement negotiations to resolve this case. Appellant spoke with Appellee's attorney, Mr. Ethan Goodwin ("Mr. Goodwin") and the same week, Appellant received mail from the attorney's office and signed for it not knowing it could have possibly been a Notice of Hearing and that Appellee filed a Motion to Dismiss, giving rise to Mr. Goodwin's trickery tactic to make Appellant assume the letter was regarding his follow up communication negotiations into settlement of

this case. Mr. Goodwin is the same attorney that appeared at the January 6th Hearing and failed to mention that he had just spoke with Appellant by phone, on December 17, 2015, discussing settlement negations for this case. In fact, looking at the Court Reporter's Report ("R.R.") (R.R. at 4 (3-12)), Mr. Goodwin do not even as much as give the Court an indication that Appellant knew or should have known that what she received by certified mail from his office and signed for, was a Notice of the Hearing on his Motion to Dismiss. Mr. Goodwin could have very well communicated his true motive was to file a Motion to Dismiss, rather than misled Appellant with settlement negotiations on the same day he filed this Motion to Dismiss, so that Appellant could assume what she received in the mail from his office was follow up communication regarding his initiation for settlement. Due to this injury arising out of and in the course and scope of Appellant's employment, and taking medications for relief with undesirable side effects, Appellant required help and assistance with moving. Appellant was in the process of moving and was pushed for time to be out of the home she occupied and planned to open the letter as soon as she recovered from the move, thinking it was further communication

regarding the settlement of this case Mr. Goodwin initiated on December 17, 2015. Appellants' mistake in not opening the letter right away was not an intentional failure to appear to the Hearing. Appellant then learned her case had been dismissed for want of prosecution and with prejudice from the Order granting Appellees' Motion in January 2016 (C.R. at 72). Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *Sommers v. Concepcion*, No. 14-98-00053-CV, 2000 WL 205192, *10 (Tex. App. – Houston [14th Dist.] February 24, 2000, pet. denied); *Martin v. Martin, Martin & Richards, Inc.*, 991 S.W.2d 1, 9 (Tex. App. – Fort Worth 1997, no writ). Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 660-31 (Tex. 1992); *Sommers*, 2000 WL at *10; Martin, 991 S.W.2d at 9; *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App. – Houston [1st Dist.] 1998, no pet.); *McConnell v. Attorney General of Texas*, 878

S.W.2d 281, 283 (Tex. App. – Corpus Christi 1994 no writ). The trial Court did not let Appellant cure any procedural defects, if any, and failed to schedule hearings on various Motions filed in the Court, (C.Rs. 18-19 & 24-26). If Appellant lacked prosecuting her case, it was due to the lack of communication she receive from the Court and the conflict of interest with Appellees' former attorney, elected District Clerk of this same Court.

## *Standard of Review*

This Court review a trial court's ruling dismissing a case for want of prosecution for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App. – Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles." That is, when it acts in an arbitrary and unreasonable manner. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App. – Waco 2005, pet. denied).

A dismissal for want of prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper. *Maldonado v.*

*Puente,* 694 S.W.2d 86, 92 (Tex. App. – San Antonio 1985, no writ). An order of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in the position they were in prior to filing the suit. *Melton v. Ryander,* 727 S.W.2d 299, 303 (Tex. App. – Dallas 1987, writ ref'd n.r.e.). If a trial court improperly dismisses a case for want of prosecution with prejudice, the appellate court should modify the judgment to strike the words "with prejudice." *See id.*

A trial court has both the inherent power and authority under rule 165a to dismiss a lawsuit for the party's failure to prosecute it with due diligence. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex. 1976). A trail court's authority to dismiss for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and from the court's inherent power. *Villarreal,* 994 S.W.2d at 630. A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence.

*City of Houston v. Robinson*, 837 S.W.2d 262, 264-65 (Tex. App. –

Houston [1st Dist.] 1992, no writ). After learning Appellant's case was

dismissed for want of prosecution, and with prejudice, Appellant

received notice of the January 6th Hearing but mistaken this as follow

up communication with Appellees' attorney initiating settlement

negotiation on December 17, 2015. Appellant, assuming this is what

the letter was for, did not open it immediately because, with help and

assistance, she was in a pressing situation with moving and not able to

do this kind job on her own because of the injury she sustained while

she was in the usual scope of course of her employment with Appellee.

Mr. Goodwin was aware of Appellant's moving. No hearing set for

Appellant's Judgment for Default (C.R. 18-19) against Appellee, and no

hearing set for Appellee's Motion to Quash Process of Service (C.R. 15-

16).

To decide the diligence issue, trial courts consider the entire

history of the case, including whether the plaintiff requested a trial

setting, the amount of activity in the case, the passage of time, and the

plaintiff's excuses for delay. *Scoville*, 9 S.W. 3d at 204; *Christian*, 985

S.W. 2d at 514-15. No single factor is dispositive. *Scoville*, 9 S.W. 3d at

204; *Christian*, 985 S.W. 2d at 515. Reasonable diligence is generally a question of fact. *Christian*, 985 S.W.2d at 515 (citing *MacGregor*, 941 S.W. 2d at 75-76).

This case not being disposed of within the time standards of the Supreme Court gives rise to a conflict of interest with the District Clerk, Price, as well, who was Appellee's attorney during the beginning of this (C.Rs. 15-16 & 24-26, ). This warrants an investigation into her handling of this case for any judicial misconduct. A District Clerk is designated as the custodian of all records relating to or lawfully deposited in the clerk's office, such as pleadings and papers that are part of any cause of action, civil or criminal, in the courts served by the District Clerk, including prepare docketing causes for hearings and trials. *Texas Constitution Article 5 Section 9.* Because District Clerks have influence over the Court's docket, they should disclose actual or potential conflict of interests between public duty and personal interest. Price failed to raise this concern. In fact, there was no communication from the Court to Appellant regarding any procedural flaws that needed to be corrected by Appellant. Appellant exercised due diligence with prosecuting her case, there was no communication from the Court

regarding the Motions that were filed. Appellee filed a frivolous Motion quashing service, and filed her first original answer over four (4) years after the commencement of this lawsuit, on December 17, 2015 (C.Rs. 47-50).

A trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim. *Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968); *Lum v. Lacy*, 616 S.W.2d 260, 261 (Tex. Civ. App. – Houston [1st Dist.] 1981, no writ) ("a judgment on the merits should not be made until the plaintiff has had his day in court"). The Texas Supreme Court has long held that "a litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided." *Rizk v. Mayad* 603 S.W.2d 773, 775 (Tex. 1980); *Gracey*, 422 S.W.2d at 917. The Texas Supreme Court held in the *Rideaux* case that the order of dismissal was not an adjudication on the merits; therefore, the court erred in dismissing the suit with prejudice, and should have properly ordered a dismissal without prejudice. *Texas Attorney General v. Abbs*, 812 S.W.2d 605, 608 (Tex. App. – Dallas 1991,

no writ); *Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex. App – Dallas 1987, writ ref'd n.r.e.).

## Judgment by Default was proper in the Trial Court against Appellee.

## Standard of Review

"[I]n order for a default judgment to be properly rendered, the record must affirmatively show, . . . either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver."*Marrot*, 277 S.W. 3d at 378. In this case, the record affirmatively show that defendant made an appearance and the citation on the defendant was properly served.

Once a Plaintiff has filed his petition within the statute of limitations period, he must exercise due diligence in serving citation to interrupt the running of limitations. *Holmes v. Tex. Mex. Ins. Co.*, 335 S. W. 3d 738 (Tex. App. – El Paso, 2011, reh'g denied). Due diligence is determined by looking at not only the time taken to perfect service, but also the effort expended by the Plaintiff in securing service. *Carter v. McFadyen*, 93 S.W. 3d 307, 313 (Tex. App. –Houston [14th Dist.] 2002, writ denied). A Plaintiff is not required to use the highest degree of diligence to procure service, but is required to use that degree of

20

diligence that an ordinary prudent person would have used under the same or similar circumstances, and is required to act diligently up until the time the defendant was served. *Holmes v. Tex. Mex. Ins. Co.*, 335 S.W. 3d 738 (Tex. App. –El Paso, 2011, reh'g denied); *Belleza-Gonzalez v. Villa*, 57 S.W. 3d 8, 12 (Tex. App. –Houston, [14th Dist.] 2001, no writ). The Trial Court found no lack of diligence in issuing and serving citation in this case. When a court finds that there was a lack of diligence as a matter of law, it is because there was not an explanation for why there was a delay in issuing and serving citation, or the excuse given was one which affirmatively established a lack of diligence. *Sanchez v. Providence Memorial Hospital*, 679 S.W. 2d 732 (Tex. App. – El Paso, 1984, no writ). A defendant's answer must be filed by 10 a.m. on the Monday next following the expiration of twenty days after the date of service. Tex. R. Civ. P. 99(b). Answer day for Defendant was August 29, 2011. Appellee files its first response, a frivolous Motion to Quash Service, on September 6, 2011. A citation is an official notice from a court officer, Tex. R. Civ. P. 99(a), is accompanied by the petition, Tex. R. Civ. P. 99(d), and warns recipients that they must answer by a stated deadline or "judgment by default may be rendered

*for the relief demanded in the petition." See* Tex. R. Civ. P. 4; 99(b).

Appellees' Original Answer was filed December 17, 2015 (C.Rs. 47-50). *See* Tex. R. Civ. P. 4. There is nothing in the record to indicate that defendant answered the suit in a timely manner pursuant to Tex. R. Civ. P. 99 *et seq.* At any time after a defendant is required to answer, the plaintiff may take a default judgment if no answer is filed, provided that the citation with the officer's return thereon shall have been on file with the clerk for ten days, (C.Rs. 13-14) exclusive of the day of filing and the day of judgment. Tex. R. Civ. P. 107; 239. No advance notice of a hearing is required for a no-answer default judgment. *Clements v. Barnes*, 822 S.W.2d 658, 660 (Tex. App. – Corpus Christi 1991), rev'd on other grounds, 834 S.W.2d 45 (Tex. 1992).

On September 6, 2011, Appellee filed a frivolous Motion to Quash Process of Service (C.Rs. 15-16). This Motion was not granted or entertained by the trial Court. No hearings were set by the Court. The purpose of a motion to quash is to challenge defective jurisdictional allegations, defective service of process, and defects in the citation. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985) (motion to quash, allowing defendant more time to answer under Rule

122). A Motion to Quash is made available in Texas by Rule 122. Rule 122 provides:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at the that time, and if he fails to do so, judgment by default may be rendered against him.

Defendant failed to file a timely answer attacking Appellant's *prima facie case*. Generally, a defendant's failure to answer a petition equates to an admission of all facts properly pleaded in plaintiff's petition, except as to unliquidated damages, as well as a waiver of any affirmative defenses. *Gardner v. U.S. Imaging*, 274 S.W.3d 669, 671 (Tex. 2008); *Texaco Inc. v. Phan*, 137 S.W.3d 763, 769 (Tex. App. – Houston [1st Dist] 2004, no pet.); *Simon v. BancTexas Quorum, N.A.*, 754 S.W.2d 283, 286 (Tex. App. – Dallas 1988, writ denied). Assuming the facts in the petition set out a cause of action, a default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). More than four (4) years later after filing this lawsuit against Appellee, and after initiating settlement of this case by phone, Appellee files its Original

Answer (C.Rs. 47-50) on December 17, 2015. As stated above, Default Judgment against Appellee was proper in this case.

## CONCLUSION

Appellants' failure to prosecute her case, if the failure lies with her, was due to the lack of communication and access she received from the trial Court. Velva Price, once the Appellees' attorney gives rise to the conflict of interest against Appellant for the lack of communication and access with litigating her case properly before the Court. Appellant did not intentionally fail to prosecute her case with due diligence, she did not fail to not attend the Hearing set in the trial Court. Appellant assumed her case was still pending in the trial Court and was merely waiting for a response from the Court regarding the Motions that were filed.

A dismissal for want of prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper. *Maldonado v. Puente,* 694 S.W.2d 86, 92 (Tex. App. – San Antonio 1985, no writ). An order of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in the position they were in prior to filing the suit. *Melton v. Ryander,* 727 S.W.2d 299,

303 (Tex. App. – Dallas 1987, writ ref'd n.r.e.). If a trial court improperly dismisses a case for want of prosecution with prejudice, the appellate court should modify the judgment to strike the words "with prejudice." *See id.*

The Texas Supreme Court has long held that "a litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided." *Rizk v. Mayad* 603 S.W.2d 773, 775 (Tex. 1980); *Gracey*, 422 S.W.2d at 917. The Texas Supreme Court held in the *Rideaux* case that the order of dismissal was not an adjudication on the merits; therefore, the court erred in dismissing the suit with prejudice, and should have properly ordered a dismissal without prejudice. *Texas Attorney General v. Abbs*, 812 S.W.2d 605, 608 (Tex. App. – Dallas 1991, no writ); *Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex. App – Dallas 1987, writ ref'd n.r.e.).

Generally, a defendant's failure to answer a petition equates to an admission of all facts properly pleaded in plaintiff's petition, except as to unliquidated damages, as well as a waiver of any affirmative defenses. *Gardner v. U.S. Imaging*, 274 S.W.3d 669, 671 (Tex. 2008); *Texaco Inc. v. Phan*, 137 S.W.3d 763, 769 (Tex. App. – Houston [1st Dist]

2004, no pet.); *Simon v. BancTexas Quorum, N.A.,* 754 S.W.2d 283, 286 (Tex. App. – Dallas 1988, writ denied). Assuming the facts in the petition set out a cause of action, a default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex. 1984).

To decide the diligence issue, trial courts consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for delay. *Scoville,* 9 S.W. 3d at 204; *Christian,* 985 S.W. 2d at 514-15. No single factor is dispositive. *Scoville,* 9 S.W. 3d at 204; *Christian,* 985 S.W. 2d at 515. Reasonable diligence is generally a question of fact. *Christian,* 985 S.W.2d at 515 (citing *MacGregor,* 941 S.W. 2d at 75-76). Appellant was in settlement negotiation with Appellee's attorney on December 17, 2015.

## PRAYER FOR RELIEF

Appellant respectfully requests this Court Reverse the trial Court's decision and award Appellant a new trial; and/or Order Mediation to resolve the settlement of this case; and/or Rendered a judgment in favor of Appellant, together with pre-judgment interest (from the date of the injury through the date of judgment) at the maximum rate allowed by law, together with post-judgment interest at the legal rate, costs of court, together with reimbursing the Government Insurance for the necessary costs for medical assistance and treatment Appellant received (C.R. at 6-12), and for Appellant's time; and such other and further relief to which the Appellant may be entitled at law this Court deems fit and proper.

Respectfully submitted,

Cassandra Lampkin

Cassandra Lampkin, Appellant, Pro *Se*
PO Box 140091
Austin, Texas 78714
(512) 999-4965
cassandralampkin@yahoo.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5, Appellant hereby certify that a true and correct copy of the foregoing document has been served by First Class US Certified Mail – Return Receipt Requested on this, 11th day of May, 2016 as follows:

Mr. Ethan F. Goodwin
**CLARK, TREVINO & ASSOCIATES**
Mailing Address:
PO Box 258829
Oklahoma City, Oklahoma 73125-8829

*Attorney for Appellee Lynn Brock*

Respectfully submitted,

Cassandra Lampkin, Appellant, Pro *Se*
PO Box 140091
Austin, Texas 78714 (512)
999-4965
cassandralampkin@yahoo.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), Appellant certify that this *Amended Brief* was prepared with Microsoft Word 2013 using 14-point typeface for all text, and according to the program's word-count function, the sections covered by TRAP 9.4(i)(1) contains 3,223 words from the Summary of the Argument to the Prayer for Relief.

Respectfully submitted,

*Cassandra Lampkin*

Cassandra Lampkin, Appellant, Pro *Se*
PO Box 140091
Austin, Texas 78714
(512) 999-4965
cassandralampkin@yahoo.com

# TAB 1

Appellant's First Amended Brief No. 03-16-00058-CV

Cause No. D-1-GN-11-002366

| | | |
|---|---|---|
| CASSANDRA LAMPKIN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| LYNN BROCK | § | 419TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR WANT OF PROSECUTION

On this day came Defendant Lynn Brock and moved the Court to dismiss this suit with prejudice, as to said Defendant, for want of prosecution. It appears to the Court that this Motion should be granted.

IT IS, THEREFORE, ORDERED that this suit against Defendant Lynn Brock shall be and is hereby dismissed with prejudice to the refiling of same or similar cause of action with costs of Court adjudged against the parties incurring same.

SIGNED this 6th day of ___January___, 2016.

_____
JUDGE PRESIDING

Respectfully submitted:

BY:
ETHAN F. GOODWIN
TBN: 24064492
CLARK, TREVINO & ASSOCIATES
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Facsimile: (512) 383-0503
ethan.goodwin@farmersinsurance.com

ATTORNEYS FOR DEFENDANT LYNN BROCK

004374422



72